| | |
|---|---|
| 1 | THEODORE R. SCOTT, Bar No. 108849 |
| | LITTLER MENDELSON |
| 2 | A Professional Corporation |
| | 501 W. Broadway, Suite 900 |
| 3 | San Diego, CA 92101.3577 |
| | Telephone: 619.515.1837 |
| 4 | Facsimile: 619.615.2261 |

Attorneys for Respondent
PALA BAND OF MISSION INDIANS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE International Union, | Case No. 07-CV-2312 W (AJB) |
| Petitioner, | **DECLARATION OF THEODORE R. SCOTT IN SUPPORT OF RESPONDENT PALA BAND OF MISSION INDIANS' MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD** |
| v. | |
| PALA BAND OF MISSION INDIANS, | |
| Respondent. | Judge: Thomas J. Whelan |
| | Ctrm: 7 |
| | Date: 10:30 a.m. |
| | Time: May 5, 2008 |
| | **[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE]** |

I, Theodore R. Scott, hereby declare as follows:

1. <u>Identification</u>: I am an attorney at law duly licensed to practice before all of the courts of this state. I am a shareholder in the law firm of Littler Mendelson, a Professional Corporation, attorney of record for Respondent PALA BAND OF MISSION INDIANS ("Pala Tribe") in the above-captioned matter. I have represented the Pala Tribe in matters involving Petitioner HERE UNITE International Union ("Union") since approximately May 2007. I have personal knowledge of the facts set forth herein and if called as a witness I could and would competently testify thereto and authenticate all documents referenced in this declaration.

////

2.      <u>The Gaming Compact</u>: Included with the exhibits attached to the Notice of Lodgment of Exhibits in Support of the Pala Band of Mission Indians' Motion to Dismiss Petition to Confirm Arbitration Award ("NOL") as Exhibit 1 is an excerpt from the Tribal-State Gaming Compact ("Gaming Compact") between the Pala Band of Mission Indians and the State of California that sets forth the dispute resolution provisions for the Gaming Compact.

3.      <u>The Intertribal Court of Southern California</u>: The Intertribal Court of Southern California ("ICSC") was created as a court of record to provide member Native American tribes with a forum in which disputes can be resolved consistent with the preservation of the integrity, autonomy and sovereignty of the tribes and the traditions and culture of Indian Country. The ICSC has established a code of civil procedure and rules of court for its operations. Tribes wishing to become a member of the ICSC are required to enact an appropriate tribal resolution and agree to be bound by the ICSC's Intertribal Governing Agreement. The Pala Tribe is a member of the ICSC. Attached to the NOL as exhibits are the following documents confirming the existence and purpose of the ICSC and that the Pala Tribe has been a member of the ICSC since at least January 2005.

| **Exhibit** | **Page(s)** | **Description** |
|---|---|---|
| 2 | 7-16 | Intertribal Court of Southern California – Governing Agreement (Current) |
| 3 | 17-38 | Intertribal Court of Southern California – Code of Civil Procedure and Rules of Court |
| 4 | 39 | Resolution 11-03 |
| 5 | 40-53 | Intertribal Court of Southern California – Governing Agreement (effective January 2005), including Approval of Document Signature Page |
| 6 | 54-63 | Southern California Tribal Chairman's Association (www.scta.net) and Intertribal Court of Southern California (www.icsc.us) web pages visited April 3, 2008 |

4.      <u>Communications Concerning Jurisdiction of the Intertribal Court of Southern California Over The Union's Petition To Confirm Arbitration Award</u>: By letter dated December 20, 2007 addressed to the Pala Tribe, Union counsel Kristen Martin enclosed a copy of the Union's petition to confirm arbitration award seeking an order confirming the arbitration award issued in

1  AAA case no. 73 390 00371 06 LYMC ("Arbitration Award"). By letter dated January 15, 2008 I
2  advised Ms. Martin that, pursuant to Section 13(d) of the Tribal Labor Relations Ordinance
3  ("TLRO"), any petition to confirm the Arbitration Award must initially be filed in the ICSC. I also
4  advised Ms. Martin that if the Union insisted on pursuing its petition before the U.S. District Court,
5  the Pala Tribe would file a motion to dismiss the petition and would also seek an award of attorneys
6  fees and costs in being required to do so. Ms. Martin responded by advising me that she had
7  previously spoken with "someone" at the ICSC and "learned" that she "could not file a petition to
8  confirm the arbitrator's award with either the Intertribal court of a Court governing the Pala Band of
9  Mission Indians."

10  After receiving Ms. Martin's response I contacted the ICSC and was advised
11  by ICSC Court Administrator Temet Aguilar that the ICSC would assert jurisdiction over any action
12  seeking to confirm an arbitration award issued pursuant to the TLRO and involving the Pala Tribe.
13  By letter dated February 1, 2008 I again contacted Ms. Martin and reiterated that the ICSC had
14  jurisdiction over the matter and urged her to dismiss the Union's petition filed in this Court. I also
15  again advised Ms. Martin that the Pala Tribe would file a motion to dismiss the petition and request
16  its attorneys fees if the Union continued to pursue its petition before this Court. Ms. Martin replied
17  by letter dated February 5, 2008 stating that she could not accept my representation that the ICSC
18  would assert jurisdiction over a petition to confirm an arbitration award issued under the TLRO
19  because it conflicted with what she was previously told by the ICSC's representatives. Ms. Martin
20  requested that I provide her with documents relating to the ICSC if I wanted her to reconsider her
21  position.

22  By letter dated February 22, 2008 I provided Ms. Martin with copies of
23  documents relating to the ICSC, including Exhibits 2-4 and the Approval of Document Signature
24  Page referenced above. I also again suggested that the Union dismiss the petition pending before
25  this Court and re-file the petition with the ICSC. By letter dated March 10, 2008 Ms. Martin advised
26  me that the documents I had provided to her conflicted with what she was told by a representative of
27  the ICSC. On March 14, 2008 I had a telephone conversation with Ms. Martin in which I again
28  requested that the Union re-file its petition with the ICSC so that both the Union and the Pala Tribe

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:84756055.1 055243.1007         3.         Case No. 07-CV-2312 W (AJB)

could avoid the expense of litigating before this Court whether the petition is required to be initially filed in the ICSC. Ms. Martin refused to agree to do so. That same day I sent Ms. Martin a letter confirming our conversation and again advised Ms. Martin that the Pala Tribe will seek attorneys fees and costs if it is required to initially respond to the petition in this Court. Attached to the NOL as exhibits is the referenced correspondence confirming these communications, as described below.

| Exhibit | Page | Description |
| --- | --- | --- |
| 7 | 64 | Letter dated December 20, 2007 from Kristin L. Martin to the Tribe (letter only, no enclosures) |
| 8 | 65-66 | Letter dated January 15, 2008 from Theodore R. Scott to Kristin L. Martin |
| 9 | 67 | Letter dated January 16, 2008, 2008 from Kristin L. Martin to Theodore R. Scott |
| 10 | 68 | Letter dated February 1, 2008 from Theodore R. Scott to Kristin L. Martin |
| 11 | 69 | Letter dated February 5, 2008 from Kristin L. Martin to Theodore R. Scott |
| 12 | 70-71 | Letter dated February 22, 2008 from Theodore R. Scott to Kristin L. Martin (letter only, no enclosures) |
| 13 | 72-74 | Letter dated March 10, 2008 from Kristin L. Martin to Theodore R. Scott |
| 14 | 75 | Letter dated March 14, 2008 from Theodore R. Scott to Kristin L. Martin |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd of April, 2008, at San Diego, California.

_____
THEODORE R. SCOTT