1  THEODORE R. SCOTT, Bar No. 108849
   LITTLER MENDELSON
2  A Professional Corporation
   501 W. Broadway, Suite 900
3  San Diego, CA 92101.3577
   Telephone:    619.515.1837
4  Facsimile:    619.615.2261

5  Attorneys for Respondent
   PALA BAND OF MISSION INDIANS
6

7

8                 UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 UNITE HERE International Union,        Case No. 07-CV-2312 W (AJB)

12              Petitioner,               **RESPONDENT PALA BAND OF MISSION
                                          INDIANS' NOTICE OF LODGMENT OF
13     v.                                 EXHIBITS IN SUPPORT OF ITS MOTION
                                          TO DISMISS PETITION TO CONFIRM
14 PALA BAND OF MISSION INDIANS,          ARBITRATION AWARD**

15              Respondent.               Judge:     Thomas J. Whelan
                                          Ctrm:      7
16                                        Date:      10:30 a.m.
                                          Time:      May 5, 2008
17
                                          **[NO ORAL ARGUMENT PURSUANT TO
18                                        LOCAL RULE]**

19

20 TO ALL PARTIES AND TO THEIR ATTORNEYS FOR RECORD:

21          PLEASE TAKE NOTICE that the following documents are lodged herewith in

22 support of Respondent PALA BAND OF MISSION INDIANS' Motion to Dismiss Petition to

23 Confirm Arbitration Award:

24 | **Exhibit** | **Page(s)** | **Description** |
   | --- | --- | --- |
25 | 1 | 3-6 | Tribal-State Gaming Compact (excerpts) |
26 | 2 | 7-16 | Intertribal Court of Southern California – Governing Agreement (Current) |
27 | 3 | 17-38 | Intertribal Court of Southern California – Code of Civil Procedure and Rules of Court |
28

| Exhibit | Page(s) | Description |
|---------|---------|-------------|
| 4 | 39 | Resolution 11-03 |
| 5 | 40-53 | Intertribal Court of Southern California – Governing Agreement (effective January 2005), including Approval of Document Signature Page |
| 6 | 54-63 | Southern California Tribal Chairman's Association (www.scta.net) and Intertribal Court of Southern California (www.icsc.us) web pages visited April 3, 2008 |
| 7 | 64 | Letter dated December 20, 2007 from Kristin L. Martin to the Tribe (letter only, no enclosures) |
| 8 | 65-66 | Letter dated January 15, 2008 from Theodore R. Scott to Kristin L. Martin |
| 9 | 67 | Letter dated January 16, 2008, 2008 from Kristin L. Martin to Theodore R. Scott |
| 10 | 68 | Letter dated February 1, 2008 from Theodore R. Scott to Kristin L. Martin |
| 11 | 69 | Letter dated February 5, 2008 from Kristin L. Martin to Theodore R. Scott |
| 12 | 70-71 | Letter dated February 22, 2008 from Theodore R. Scott to Kristin L. Martin (letter only, no enclosures) |
| 13 | 72-74 | Letter dated March 10, 2008 from Kristin L. Martin to Theodore R. Scott |
| 14 | 75 | Letter dated March 14, 2008 from Theodore R. Scott to Kristin L. Martin |

Dated: April 3, 2008

Respectfully submitted,

s/Theodore R. Scott
THEODORE R. SCOTT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Respondent
PALA BAND OF MISSION INDIANS
E-mail:  tscott@littler.com

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:84768054.1 055243.1007        2.        Case No. 07-CV-2312 W (AJB)

# EXHIBIT  1

# TRIBAL-STATE COMPACT

## BETWEEN

## THE STATE OF CALIFORNIA

### AND THE

## PALA BAND OF MISSION INDIANS

Exhibit 1
Page 3

adopted by the State Gaming Agency as a proposed regulation, in its original or amended form, with a detailed, written response to the Association's objections.

(c) Except as provided in subdivision (d), no regulation of the State Gaming Agency shall be adopted as a final regulation in respect to the Tribe's Gaming Operation before the expiration of 30 days after submission of the proposed regulation to the Tribe for comment as a proposed regulation, and after consideration of the Tribe's comments, if any.

(d) In exigent circumstances (e.g., imminent threat to public health and safety), the State Gaming Agency may adopt a regulation that becomes effective immediately. Any such regulation shall be accompanied by a detailed, written description of the exigent circumstances, and shall be submitted immediately to the Association for consideration. If the regulation is disapproved by the Association, it shall cease to be effective, but may be re-adopted by the State Gaming Agency as a proposed regulation, in its original or amended form, with a detailed, written response to the Association's objections, and thereafter submitted to the Tribe for comment as provided in subdivision (c).

(e) The Tribe may object to a State Gaming Agency regulation on the ground that it is unnecessary, unduly burdensome, or unfairly discriminatory, and may seek repeal or amendment of the regulation through the dispute resolution process of Section 9.0.

Sec. 9.0. DISPUTE RESOLUTION PROVISIONS.

Sec. 9.1. Voluntary Resolution; Reference to Other Means of Resolution. In recognition of the government-to-government relationship of the Tribe and the State, the parties shall make their best efforts to resolve disputes that occur under this Gaming Compact by good faith negotiations whenever possible. Therefore, without prejudice to the right of either party to seek injunctive relief against the other when circumstances are deemed to require immediate relief, the parties hereby establish a threshold requirement that disputes between the Tribe and the State first be subjected to a process of meeting and conferring in good faith in order to foster a spirit of cooperation and efficiency in the administration and monitoring of performance and compliance by each other with the terms, provisions, and conditions of this Gaming Compact, as follows:

(a) Either party shall give the other, as soon as possible after the event giving rise to the concern, a written notice setting forth, with specificity, the issues to be resolved.

(b) The parties shall meet and confer in a good faith attempt to resolve the dispute through negotiation not later than 10 days after receipt of the notice, unless both parties agree in writing to an extension of time.

(c) If the dispute is not resolved to the satisfaction of the parties within 30 calendar days after the first meeting, then either party may seek to have the dispute resolved by an arbitrator in accordance with this section, but neither party shall be required to agree to submit to arbitration.

(d) Disagreements that are not otherwise resolved by arbitration or other mutually acceptable means as provided in Section 9.3 may be resolved in the United States District Court where the Tribe's Gaming Facility is located, or is to be located, and the Ninth Circuit Court of Appeals (or, if those federal courts lack jurisdiction, in any state court of competent jurisdiction and its related courts of appeal). The disputes to be submitted to court action include, but are not limited to, claims of breach or violation of this Compact, or failure to negotiate in good faith as required by the terms of this Compact. In no event may the Tribe be precluded from pursuing any arbitration or judicial remedy against the State on the grounds that the Tribe has failed to exhaust its state administrative remedies. The parties agree that, except in the case of imminent threat to the public health or safety, reasonable efforts will be made to explore alternative dispute resolution avenues prior to resort to judicial process.

Sec. 9.2. Arbitration Rules. Arbitration shall be conducted in accordance with the policies and procedures of the Commercial Arbitration Rules of the American Arbitration Association, and shall be held on the Tribe's land or, if unreasonably inconvenient under the circumstances, at such other location as the parties may agree. Each side shall bear its own costs, attorneys' fees, and one-half the costs and expenses of the American Arbitration Association and the arbitrator, unless the arbitrator rules otherwise. Only one neutral arbitrator may be named, unless the Tribe or the State objects, in which case a panel of three arbitrators (one of whom is selected by each party) will be named. The provisions of Section 1283.05 of the California Code of Civil Procedure shall apply; provided that no discovery authorized by that section may be conducted without leave of the arbitrator. The decision of the arbitrator shall be in writing, give reasons for the decision, and shall be binding. Judgment on the award may be entered in any federal or state court having jurisdiction thereof.

Sec. 9.3. No Waiver or Preclusion of Other Means of Dispute Resolution. This Section 9.0 may not be construed to waive, limit, or restrict any remedy that is otherwise available to either party, nor may this Section be construed to preclude, limit, or restrict the ability of the parties to pursue, by mutual agreement, any other method of dispute resolution, including, but not limited to, mediation or utilization of a technical advisor to the Tribal and State Gaming Agencies; provided that neither party is under any obligation to agree to such alternative method of dispute resolution.

Sec. 9.4. Limited Waiver of Sovereign Immunity. (a) In the event that a dispute is to be resolved in federal court or a state court of competent jurisdiction as provided in this Section 9.0, the State and the Tribe expressly consent to be sued therein and waive any immunity therefrom that they may have provided that:

(1) The dispute is limited solely to issues arising under this Gaming Compact;

(2) Neither side makes any claim for monetary damages (that is, only injunctive, specific performance, including enforcement of a provision of this Compact requiring payment of money to one or another of the parties, or declaratory relief is sought); and

(3) No person or entity other than the Tribe and the State is party to the action, unless failure to join a third party would deprive the court of jurisdiction; provided that nothing herein shall be construed to constitute a waiver of the sovereign immunity of either the Tribe or the State in respect to any such third party.

(b) In the event of intervention by any additional party into any such action without the consent of the Tribe and the State, the waivers of either the Tribe or the State provided for herein may be revoked, unless joinder is required to preserve the court's jurisdiction; provided that nothing herein shall be construed to constitute a waiver of the sovereign immunity of either the Tribe or the State in respect to any such third party.

(c) The waivers and consents provided for under this Section 9.0 shall extend to civil actions authorized by this Compact, including, but not limited to, actions to compel arbitration, any arbitration proceeding herein, any action to confirm or enforce any judgment or arbitration award as provided herein, and any appellate proceedings emanating from a matter in which an immunity waiver has been granted. Except as stated herein or elsewhere in this Compact, no other waivers or consents to be sued, either express or implied, are granted by either party.

Sec. 10.0. PUBLIC AND WORKPLACE HEALTH, SAFETY, AND LIABILITY.

Sec. 10.1. The Tribe will not conduct Class III gaming in a manner that endangers the public health, safety, or welfare; provided that nothing herein shall be construed to make applicable to the Tribe any state laws or regulations governing the use of tobacco.

Sec. 10.2. Compliance. For the purposes of this Gaming Compact, the Tribal Gaming Operation shall:

(a) Adopt and comply with standards no less stringent than state public health standards for food and beverage handling. The Gaming Operation will allow inspection of food and beverage services by state or county health inspectors, during normal hours of operation, to assess compliance with these standards, unless inspections are routinely made by an agency of the United States government to ensure compliance

# EXHIBIT 2

# Intertribal Court of Southern California

## Governing Agreement
(Adopted 2006)

## CHAPTER 1. ESTABLISHMENT AND OPERATION OF THE INTERTRIBAL COURT OF SOUTHERN CALIFORNIA

**Section 101.** Establishment of the Intertribal Court of Southern California
There is hereby established an Intertribal Court of Southern California (ICSC) of limited jurisdiction as a court of record consisting of a consortium of southern California tribes.

**Section 102.** Intertribal Court Membership
To join the Intertribal Court of Southern California, tribes must be members of the Southern California Tribal Chairmen's Association (SCTCA). The SCTCA Board of Directors (of Intertribal Court Tribes) may, in its discretion, authorize participation of a tribe that does not meet the qualifications set out in this article. A tribe requesting membership to the ICSC shall pay a one-time fee that will be determined by the SCTCA Board of Directors.

    a. Membership Application:
        i. A potential new member tribe that desires to participate in the ICSC shall submit to the Administrator a written statement of its request to participate along with an estimate of the nature and extent of services that it will require during the fiscal year when it wishes to become a member. The Administrator shall review the tribe's request and assess the ability of the ICSC to provide the desired services during the fiscal year in question. On the basis of this assessment, the Administrator shall confer with the SCTCA Executive Director. Then the Administrator shall make a written recommendation to the Board of Directors. The Board of Directors shall decide whether the new tribe may participate in the ICSC beginning at the time requested.
        ii. In the event that an eligible tribe requests participation in the ICSC beginning in the middle of a fiscal year and such participation is not allowed due to insufficient ICSC resources, ICSC shall prepare its annual plan of operation and funding requests for the succeeding fiscal year to incorporate the new tribe if possible; and the new tribe shall be admitted to participation in the ICSC as soon as resources permit.
        iii. The new tribe shall assign all tribal court funds awarded by the BIA to the ICSC and may be required to pay an additional amount based on current fee schedules created by the Board of Directors.
        iv. Upon approval of its application to participate in the ICSC, a new tribe shall become a member when its chairperson or appropriate elected officer, acting pursuant to a resolution adopted by the tribe's governing body, signs this agreement.

Exhibit 2
Page 7

**Section 103.** Withdrawal from Membership in the Intertribal Court of Southern California
A Tribe that wishes to withdraw from participation in the Intertribal Court of Southern California shall provide the chairperson of the Board of Directors and the Administrator with at least thirty days' written notice, but six months to one-year notice is preferable. Upon receipt of such notice and before the date set by the tribe for withdrawal, the Board of Directors and the representative from the withdrawing tribe shall meet in a good faith effort to resolve any problems, which may have prompted the tribe's desire to withdraw. Alternatively, if there is no problem, but the tribe is ready to assume its full tribal court functions, the ICSC and the departing tribe shall work together on a transition plan. The tribe may withdraw by submitting a written resolution of withdrawal adopted by its governing body.

**Section 104.** Administrative Branch of the Intertribal Court of Southern California
Pursuant to the Governing Agreement of the Intertribal Court of Southern California, the Southern California Tribal Chairmen's Association shall serve as the administrative branch of ICSC providing services such as, but not limited to; managing cases, developing uniform codes for consortium members, developing court forms and rules, coordinating logistics for judicial staffing, and coordinating hearings.

**Section 105.** Services to Member Tribes
The participating tribe shall submit to the Administrator at the beginning of the third quarter of each fiscal year a plan estimating the nature and extent of the services, which the tribe will require during the following fiscal year. However, if the required services will remain the same as the previous year, this provision will be deemed waived if not acted upon. If a participating tribe fails or refuses to meet a condition for receipt of ICSC services, the Administrator may recommend and the Board of Directors may approve suspension of ICSC services to that tribe pending the tribe's compliance with the condition in question. The tribe may appeal to the Board of Directors decision.

**Section 106.** Board of Directors
During the establishment period, the Board of Directors of the Intertribal Court of Southern California shall consist of intertribal court member tribes of the Southern California Tribal Chairmen's Association. The voting, representation and rights are specifically described in the By-Laws of SCTCA. This Board of Directors will be in full effect for a period of up to, but no longer than, three (3) years (as of date signed on this Governing Agreement) after which, the Intertribal Court tribes shall establish its own By-Laws for the Intertribal Court of Southern California.

**Section 107.** Composition of the Courts
There shall be an Intertribal Court consisting of a Chief Judge, who shall be appointed by the Board of Directors of the Southern California Tribal Chairmen's Association, the administrative branch of the Intertribal Court. In the event that the Chief Judge is unable to hear a case for any reason, SCTCA shall appoint a Pro Tem Judge to hear the case. ICSC shall provide trial and appellate services to consortium members.

**Section 108.** Records of the Court

The Intertribal Court shall keep a record of all proceedings of the Court, showing the title of the case, the names and addresses of the parties, attorneys, lay counselors and witnesses; the substance of the complaint; the dates of all hearings or trials; the name of the judge; the findings of the Court or verdict of the jury and judgment; the preservation of testimony for perpetual memory by electronic recording, otherwise; together with any other facts or circumstances deemed of importance to the case. A record of all proceedings leading to incarceration shall be submitted to the Area Director, to be made a part of the records of the Sacramento Area office as required by 25 U.S.C. 200. Unless specifically accepted by this Code, the records of the Court shall be public at the administrative offices of the court.

**Section 109.** Rules of the Court

The Chief Judge may prescribe written rules of court, consistent with the provisions of this Code, including rules establishing the time and place of court sessions. The Tribal Council shall approve the rules before becoming effective.

**Section 110.** Civil Jurisdiction of the Court

The Court shall have jurisdiction over any action where one party to the action shall be an Indian or a corporation or entity owned in whole or in substantial part by an Indian or the Tribe or a corporation or entity chartered by the Tribe; and:

  a. The cause of action arises under the Constitution or laws of the Tribe; or

  b. An Indian party to the action resides on the reservation of the tribe.

**Section 111.** Criminal Jurisdiction of the Court

The Court shall have jurisdiction over all offenses by an Indian committed within the boundaries of the reservation of a consortium member tribe against the law of that consortium member tribe as established by duly enacted codes or ordinances of that General/Tribal Council.

**Section 112.** Jurisdiction Over Persons Outside the Reservation of the Consortium Member Tribe

In a case where it otherwise has jurisdiction, the Court may exercise personal jurisdiction over any person who does not reside on the consortium tribe reservation if such person, personally or through an agent:

  a. Transacts any business on the reservation, or contracts or agrees anywhere to supply goods or services to persons or corporations on the reservation; or

  b. Commits an act on the reservation that causes injury.

**Section 113.** Jurisdiction Over Suits Commenced by Tribe

Notwithstanding any other provision of this Code, the Intertribal Court shall have jurisdiction over civil actions commenced by the tribe, or by any agency or officer thereof expressly authorized to file suit by the Tribal Council.

Exhibit 2
Page 9

**Section 114.** <u>Tribe Immune from Suit</u>
The Tribe shall be immune from suit. Nothing in the Code shall be construed as consent of the Tribe to be sued. The tribe may provide explicit consent to waive sovereign immunity.

**Section 115.** <u>Limitation on Tribal Judgments</u>
In a civil tort action for monetary compensation, the maximum allowable judgment that may be entered against the tribe, or a corporation or entity owned in whole or in party by the Tribe shall be [$50,000.00.].

# CHAPTER 2. ESTABLISHMENT AND OPERATION OF COURT OF APPEALS

**Section 201.** <u>Creation of Court of Appeals</u>
There is hereby created a court of appeals within the Intertribal Southern Court of California.

**Section 202.** <u>Jurisdiction of Court of Appeals</u>
The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the ICSC trial court. The Court of Appeals shall review all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the trial court if such determinations are supported by substantial evidence.

**Section 203.** <u>Composition of the Court of Appeals</u>
As the need for appellate services arises, SCTCA shall appoint a Chief Judge and two associate judges, none whom shall have served at the trial level for the case on appeal. SCTCA will set forth the term of each appointment and the compensation for each judge.

**Section 204.** <u>Records of Court of Appeals</u>
The Court of Appeals shall keep a record of all proceedings of the Court, showing the title of the case, the name and addresses of all parties and representatives, the briefs, the date of any oral argument, the names of the Judges who heard and decided the case, and the judgment, together with any other facts and circumstances deemed of importance to the case. A record of all proceedings leading to incarceration shall be submitted to the Area Director of the Sacramento Area Office, to be made a part of the records of the Office as required by 25 U.S.C. 200. Unless specifically accepted by this Code or rule of Court, all decisions and opinions of the Court shall be published in a format that shall be available to the public at the administrative offices of the court.

**Section 205.** <u>Right of Appeal</u>

a. <u>Civil Cases</u>. Any party who is aggrieved by a final order or judgment of the ICSC trial court may file a petition requesting the ICSC Court of Appeals to review that order or judgment as provided in Section 206.

b. <u>Criminal Cases</u>. The defendant in a criminal case shall have an appeal as of right from a judgment of conviction. The tribe shall have no right of appeal from a jury verdict of

not guilty in criminal cases, but shall have a right of appeal from a judgment of not guilty rendered by the trial court without a jury. Appeals in criminal cases shall be taken as provided in Section 207.

## Section 206. Procedure on Decision for Review in Civil Cases

a. <u>Time to petition and how to petition</u>. A party to a civil case may petition for review. The petition for review must be taken within fifteen (15) days from the date of entry of the final order or judgment appealed from by filing a petition with the Clerk together with the docket fee and any bond required pursuant to this section. No extensions of the fifteen (15) day period shall be granted.

b. <u>Contents of petition for review</u>. The petition for review shall specify the parties taking the appeal, shall designate the final order or judgment, or part appealed from, and shall contain a short statement why the petition should be granted. The Clerk shall mail a copy of the petition for review to all parties other than the petitioner. Other parties shall have fifteen (15) days to respond to the petition for review, after which time the Court of Appeals shall grant the petition and allow the appeal to be heard, or shall deny the petition.

c. <u>Docket fee and bond</u>. The petition for review shall be accompanied by a docket fee of one hundred ($100.00) dollars and a bond to be set by the Court. The maximum amount of the bond is five hundred ($500.00) dollars. The Court may waive or reduce the bond and the docket fee if it finds that the appellant is indigent.

d. <u>Stay on Appeal</u>. In civil cases the petitioner may request the Tribal Court to stay the judgment pending action on the petition and on the appeal if the petition is granted, and either party may request the Tribal Court to grant or stay an injunction pending appeal. The Tribal Court may condition a stay or injunction pending appeal on the depositing of cash or bond satisfactory to the Court. The appellant's bond shall be sufficient to cover the damages awarded by the Tribal Court with interest. The cash or bond may be deposited at or after the time the petition is filed. The stay shall be effective when the Tribal Court approves the deposit of cash or bond. The appellant may petition the Court of Appeals to review any decision of the Tribal Court under this Section.

## Section 207. Procedure on Appeal of Criminal Cases

a. <u>Time to appeal and how to appeal</u>. Any appeal must be taken within fifteen (15) days from the judgment appealed from by filing a written notice of appeal with the Clerk of the Tribal Court. No extension of the fifteen (15) day period shall be granted.

b. <u>Notice of appeal</u>. The notice of appeal shall specify the part or parties taking the appeal, shall designate the judgment or part thereof appealed from, and shall contain a short statement of reasons for the appeal. The Clerk shall mail a copy of the notice of

Exhibit 2
Page 11

appeal to all parties other than parties taking the appeal.

c. <u>Release on bond pending appeal</u>. In criminal cases the defendant may be continued on release or be released on bail. The appellant may petition the Court of Appeals, or Chief Judge thereof, to review any decision of the Tribal Court taken under this Section.

**Section 208.** <u>Judgment Against Surety</u>
Any surety to a bond thereby submits himself to the jurisdiction of the tribal court, and irrevocably appoints the Clerk of the Court as his agent upon whom any papers affecting his liability on the bond may be served. The liability of a surety may be enforced on motion without the necessity of an independent action. The motion and such notice of motion as the Court prescribes may be served on the Clerk of the Court who shall forthwith mail copies to the surety at his last known address.

**Section 209.** <u>Record on Appeal</u>
Within five (5) days after a petition for review is filed in a civil case or a notice of appeal is filed in a criminal case, the Clerk of the Court shall certify and file with the Court of Appeals all papers comprising the record in the case.

**Section 210.** <u>Briefs and Memoranda</u>
Within thirty (30) days after a petition for review is granted, or the notice of appeal is filed, or within such other time as the Court allows, the appellant may file a written brief, memorandum or statement in support of his appeal. An original and one copy for each appellee shall be filed with the Clerk, who shall mail one copy, registered or certified mail, return receipt requested, to each appellee. The return receipt shall then be filed with the Clerk.

The appellee shall have fifteen (15) days after receipt of the appellant's brief, memorandum or statement, or such other time as the Court of Appeals allows, within which to file an answer brief, memorandum or statement if he desires. An original and one copy for each appellant shall be filed with the Clerk, who shall mail one copy, registered or certified mail, return receipt requested, to each appellant. The return receipt shall be filed with the Clerk. No further briefs, memoranda or statements shall be allowed, without leave of Court.

**Section 211.** <u>Oral Argument</u>
The Court of Appeals may in its discretion assign civil cases for oral argument or may dispose of civil cases on the briefs without oral argument. The Court of Appeals shall assign all criminal cases for oral argument.

## CHAPTER 3. JUDGES

**Section 301.** <u>Term</u>
The Chief Judge of the Tribal Court shall hold office for a term of three (3) years and shall be eligible for reappointment. A Pro Tem Judge may be appointed on a temporary basis on such terms and conditions, as the Tribal Court shall establish in making the appointment. A person appointed to fill an existing vacancy created by the death, resignation, or removal for cause of a Chief Judge shall be appointed initially only for the unexpired portion of the term for which the

Exhibit 2
Page 12

appointment is made, and shall be eligible for reappointment.

**Section 302.** <u>Appointment</u>
The Southern California Tribal Chairmen's Association (SCTCA), the administrative branch of the Intertribal Court, shall appoint the Chief Judge and all Pro Tem Judges of the Intertribal Court.

**Section 303.** <u>Minimum Qualifications of Judges</u>
To be eligible to serve as a Judge, a person must be thirty (30) years of age or older, be of good moral character, hold a higher standard of conduct and integrity, possess a high-school diploma or its equivalency, be capable of carrying out the duties of office, demonstrate knowledge of Indian Law, Federal Law, California Law, and Public Law 280 and never have been convicted of a felony offense. Indian preference in hiring will be applied to all qualified applicants.

**Section 304.** <u>Salary</u>
The Chief Judge of the Intertribal Court and any pro tem Judges shall be paid a salary to be determined by SCTCA.

**Section 305.** <u>Removal</u>

  a. Upon written charges of specific misconduct, or physical or medical inability to carry out the duties of office, made by any member of the consortium tribes or SCTCA staff, SCTCA shall initiate proceedings to remove a Judge from office. Misconduct as used in this section shall mean:

  1. Conviction of a felony or a misdemeanor involving dishonesty or acts offensive to the morals of the community;
  2. Abusive or clearly incompetent performance of duties in office; or
  3. Continued failure to perform the duties of office, whether from illness, disability or otherwise.

  b. The SCTCA Board of Directors by a majority vote at a meeting at which a quorum is present may direct that a Judge shall be suspended from duty for a period not to exceed twenty (20) days between the time charges are authorized and the date of hearing the charges. SCTCA may appoint a pro tem Judge to assume the Judge's duties pending the final decision by the SCTCA Board of Directors on the charges.

  c. A Judge subject to charges shall be given at least ten (10) days advance notice in writing of a hearing for the purpose of removal, and notice that he or she is entitled to representation. The written notice shall include an itemization of the charges and grounds for removal which are to be considered. Such notice shall be served by registered or certified mail, or be delivered personally to the Judge.

  d. The Judge shall be given an opportunity to present witnesses and documentary evidence, to make oral and/or written argument on his or her behalf, to cross-examine all other witnesses at the hearing, and to be represented by counsel at his or her own

Exhibit 2
Page 13

expense.

e. Removal shall be by an affirmative vote by secret ballot of two-thirds (2/3) of the members of the SCTCA Board of Directors present at a valid meeting called for the purpose of considering such removal, after a hearing. The decision by the SCTCA Board of Directors to remove a Judge is not subject to appeal.

**Section 306.** Disqualification

A Judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, in which he has any personal bias or prejudice concerning any party, in which he or a member of his immediate family might be a witness, has any interest, or has any personal knowledge of any disputed evidentiary facts concerning the proceeding, or has acted or is acting as a lawyer or lay counselor in the proceeding, or in which he might otherwise appear to be biased or prejudiced. As used in this section, immediate family shall include spouses, grandparents, parents, children, grandchildren, brothers, sisters and in-laws.

# CHAPTER 4. COURT ADMINISTRATION

**Section 401.** Office of Clerk

The Southern California Tribal Chairmen's Association (SCTCA) shall appoint a Clerk of Court to be compensated at a rate fixed by the Tribal Council. The Clerk shall be subject to discharge with or without cause by SCTCA.

**Section 402.** Qualifications

To be eligible to serve as Clerk of Court, a person:

1. Must be at least twenty-one (21) years of age;
2. Must be of high moral character and integrity;
3. Must be a high school graduate or equivalent;
4. Must be proficient in typing or keyboarding;
5. Must never have been convicted of a felony; and
6. Must be physically able to carry out the duties of the office.

**Section 403.** Duties

The Clerk shall render assistance to the courts, to the authorized law enforcement officers of tribal communities, and to the members of the tribes, in drafting complaints, subpoenas, warrants, notices of appeal, and any other documents incidental to the lawful functions of the Court. The Clerk shall attend, and keep written records of, all proceedings of the Court, administer oaths and collect fines, costs, fees and other monies.

# CHAPTER 5. ATTORNEYS AND LAY COUNSELORS

**Section 501.** Qualifications for Admissions as Attorney or Lay Counselor

a. Attorneys. No person may practice as an attorney before the Intertribal Court or Court of Appeals unless admitted to practice and enrolled as an attorney of the Court upon written application and approval of the Chief Judge. To be eligible to practice as an attorney before the Tribal Court, a person:

1. Must be a member in good standing of the bar in any State or Federal Court;
2. Must be knowledgeable of the Intertribal Court of Southern California Rules of Court and Procedure, Federal Indian Law; and
3. Must be of high moral character and integrity.

The Chief Judge may make inquiry as to the attorney's qualifications before admitting the attorney. Each individual wishing to be admitted to practice before the Intertribal Court must be recommended by an individual already admitted; provided that this requirement shall take effect once twenty (20) individuals have been admitted to practice.

b. Lay Counselors. Any person who meets the qualifications established in this Section shall be eligible for admission to practice before the Court as a lay counselor upon written application and approval of the Chief Judge. To be eligible to serve as a lay counselor, a person:

1. Must be at least twenty-one (21) years of age;
2. Must be of high moral character and integrity;
3. Must have knowledge of the Intertribal Court of Southern California Code and Procedures, and of Federal Indian law;
4. Must be a high school graduate or equivalent; and
5. Must never have been convicted of a felony.

**Section 502.** Roll of attorneys and lay counselors
A roll of attorneys and lay counselors admitted to practice before the Court shall be maintained by the Court Clerk.

**Section 503.** Right to Counsel
A person at his own expense may have assistance of counsel in any proceeding before the Court.

**Section 504.** Disbarment and Suspension

a. The Court may disbar an attorney or lay counselor from practice before the Courts or impose suspension from practice for such time as the court deems appropriate, pursuant to rules adopted by the Court, provided that the Court shall give such attorney or lay counselor reasonable prior notice of charges against him and an opportunity to respond to said changes.

b. Any person who is disbarred or suspended by the Court may appeal that determination to the Court of Appeals within fifteen (15) days of the disbarment or suspension. The Court of Appeals shall request a statement of the reasons for the disbarment or

Exhibit 2
Page 15

suspension from the Chief Judge, and after receiving such statement shall review the record, which was before the Tribal Court and may, in its discretion, hear oral argument by the applicant. The Court of Appeals shall determine whether the applicant shall be disbarred or suspended and its determination shall be final.

c. Any person who is disbarred or suspended by a judge of the Court of Appeals may appeal that determination to the Court of Appeals within fifteen (15) days of the disbarment or suspension. The appeal shall be determined by those judges of the Court not involved in the initial determination. The Court shall request a statement of the reasons for the disbarment or suspension from the judge who took the initial action, and after receiving such statement shall review the record which was before the judge and may, in its discretion, hear oral argument by the applicant. The Court of Appeals shall determine whether the applicant shall be disbarred or suspended and its determination shall be final.

d. Any person who has been disbarred or suspended for an excess of one (1) year from the practice of law before the Court may reapply for admission before the Court. The person must submit a statement of reasons for the disbarment or suspension, and the reasons for readmission. After receiving such statement, the Court shall determine whether there is good cause for the applicant to be readmitted to practice before the Court. If the applicant for readmission is denied, the applicant may appeal such decision to the Court of Appeals within ten (10) days from receipt of such denial in writing. The decision of the Court of Appeals shall be final.

Exhibit 2
Page 16

EXHIBIT 3

### Intertribal Court of Southern California

## CODE OF CIVIL PROCEDURE AND RULES OF COURT

### I. Scope of Rules

The following shall be known as "The Rules of Civil procedure" (Rules) and shall govern the Intertribal Court of Southern California (the Court) for all suits of a civil nature. Notwithstanding it's inherent equitable powers, Tribal customs and traditions, the Court shall use and apply these rules in conjunction with all ordinances, laws, regulations, and governing statutes approved and adopted by the Tribal government.

## TITLE 1: VIOLATIONS OF TRIBAL LAW

### Section 1. The Civil Infraction

1.1.01. Authority to Issue

All enforcement officers commissioned by the Tribe shall have the authority to enforce the provisions of Tribal law by issuing a notice of a civil infraction.

1.1.02. Issuance

(1)    An enforcement officer has the authority to issue a notice of civil infraction under this Chapter if:

    (i)    The Civil Infraction occurs in the presence of the enforcement officer.

    (ii)    When the enforcement officer has reasonable cause to believe a civil infraction has been committed.

(2)    The Court has the authority to issue a notice of civil infraction under this chapter if it receives a signed written statement, under penalty of perjury, from an enforcement officer or a complaining citizen stating there is reasonable cause to believe that an infraction has been committed.

1.1.03. Identification

A person who is reasonably suspected of committing a civil infraction and is stopped by an enforcement officer is required to identify him or herself by providing the enforcement officer with his or her name, address, and date of birth. If requested by the enforcement officer, the person shall also produce a picture identification card, such as a driver's license or military ID. If the person is unable or unwilling to identify himself or herself, or produce a picture identification card, the enforcement officer may detain the person for a reasonable period of time in order to identify the person and issue a civil infraction citation.

1.1.04. Final Determination unless Contested

A notice of civil infraction represents an official determination that a civil infraction has been committed. This determination is final unless the person contests it in the manner set forth in these Rules.

1.1.05. Notice Requirements

In order for the notice of civil infraction to be a valid, final determination, it alone, or along with the second notice of civil infraction, shall include the following:

(1)    A statement that the notice and the determination is final unless contested in the manner required by the Rules of Court.

(2)     A statement that a civil infraction is a non-criminal offense for which imprisonment is not an available sanction.

(3)     A statement listing the subsection of the ordinance that was violated along with a statement briefly describing the conduct of the person which lead to the ordinance violation.

(4)     A statement listing the monetary penalty imposed for the civil infraction.

(5)     A statement listing the ways in which the person may respond to the notice. See 1.1.07 below.

(6)     A statement that at any hearing regarding the civil infraction, the Tribe carries the burden of proving, by a preponderance of the evidence, that the person committed the civil infraction and that the person may subpoena witnesses, including the issuing officer, for purposes of testifying at these hearings.

(7)     A statement that the person must respond to the notice within thirty (30) days of the date of the citation.

(8)     A statement that the person shall sign in the presence of the enforcement officer that he or she promises to respond to the notice of civil infractions in one of the ways listed in 1.1.07.

(9)     A statement that the failure to respond to the notice or failure to appear at the requested hearing, for purposes of contesting the citation or offering mitigating evidence, will result in a default judgment against the person in the amount of the citation plus a sanction imposed by the Court for the person's failure to respond or appear.

## 1.1.06. Deadline for Response

A person who receives a notice of infraction must respond to the notice within thirty (30) days from the date the notice was issued.

## 1.1.07. Response Options

A person shall respond to the notice of civil infraction in one of the following ways:

(1)     Pay the fine by submitting a check or money order in the amount of the civil infraction to the Court within thirty (30) days. If the person decides to pay the fine, he or she will also need to fill out and submit the appropriate portion of the notice of civil infraction or second notice of civil infraction and submit it to the court along with the payment.

(2)     Request a hearing to explain the circumstance surrounding the infraction or to contest the civil infraction altogether. If the person decides to request such a hearing, he or she will need to complete the portion of the notice of the civil infraction that requests a hearing and submit it to the court within thirty (30) days. Once the court receives the completed notice, they will notify the person of the time, place, and date for the hearing, which shall be no less than seven (7) days and no more than thirty (30) days from the date the Court receives the notice of hearing.

## 1.1.08. Failure to Respond

If the defendant fails to pay the fine by the date stated on the citation and does not request a hearing to offer mitigating evidence or to contest the infraction, the Court shall enter default judgment against the defendant, impose additional sanctions for failing to respond, and send the outstanding fine to collections.

1.1.09. Filing with the Court

A copy of the notice of civil infraction shall be filed with the Court within seventy-two (72) hours of issuance, excluding Saturdays, Sundays, and Holidays. If the Court within this timeframe does not receive the notice, the Court may dismiss the infraction without prejudice.

## Section 2. Hearings

1.2.01. In General

The hearings shall be conducted in accordance with the Rules of the Court. Please see the Rules for specific information regarding the procedure for the Hearings.

1.2.02. Judicial Hearings

The Chief Judge, or other Associate Judge, of the Court shall preside over all hearings in which the defendant offers mitigating evidence or contests the issuance of the civil infraction. Unless otherwise directed by the Court, there will be no jury at any stage of the proceedings.

## TITLE 2: PRIVATE ACTIONS

### CHAPTER 1. Commencing the Action

### Section 1. Commencement of Action; Service of Process, Pleadings, Motions, and Orders.

1.1.01.  Commencement of an Action

A civil action may only be commenced by filing a complaint with the Clerk of the Court. The Court will accept Complaints mailed to the Clerk's Office so long as they are in reasonable compliance with the Rules of the Court.

1.1.02. State of Limitations

No complaint shall be filed in a civil action unless the events giving rise to the cause of action occurred within 3 years of the filing of the complaint.

1.1.03. Filing Fee

In all civil suits initiated by private parties, the complainant shall be required to pay the court a filing fee of $30. If the complainant requests the Court to serve process on the defendant, he or she will be required to pay the court an additional service fee of $40. All fees must be paid to the Clerk of the Court at the time of the filing.

1.1.04. Number of Copies

Except if provided otherwise in the rules, the complainant must submit three (3) copies of the complaint with the Clerk of the Court.

1.1.05. Complaint Form

(1)    The Complaint must be prepared on 8 ½ by 11-inch white-opaque paper and shall be typed or written. If written, the Complaint shall be of such quality that it can be legibly photocopied and it shall be free of defacing marks such as erasures, white out, or crossed-out words. If typed, the complaint must be double spaced, except for quotations and footnotes, which may be single-spaced.

(2)    The Clerk of the Court is instructed to accept all Complaints. However. if the Complaint is not in substantial compliance with these rules, the Court's Judge may reject the complaint, with reason cited, at his or her discretion.

1.1.06. The Contents of the Complaint

(a)    The complaint shall be simple, concise, and direct and contain the following:

(i)    A caption at the top of the first page with the heading "The Intertribal Court of Southern California."

(ii)    The name of the Plaintiff.

(iii)    The name of the Defendant

(iv)    A short and plain statement of the grounds on which the Court's jurisdiction depends, unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it.

(v)    A short and plain statement of the essential facts of the case, including the nature and the amount of the claim and the date or dates on which the claim arose, showing the complainant is entitled to relief.

(vi)  The type of relief requested. If the Complainant is seeking monetary damages, the amount of money being sought shall be included on the Complaint.

## 1.1.07. Signing of the Complaint

(a)  Every complaint filed with the Court shall be signed personally by either counsel or the claimant in his or her individual legal name except if:

(i)  The complainant is a partnership, then any one of the partners may sign.

(ii)  The complainant is a corporation, then any full-time employee with personal knowledge of the facts of the claim may sign.

(b)  Beneath the signature, the signing party must also include their printed name, telephone number, and mailing address. If the signing party is not the claimant, then they must also include a sentence describing their relationship to the complainant.

## 1.1.08. Nonconforming Documents

Unless otherwise ordered by the Court, the Clerk may refuse to accept complaints or other documents, which do not comply with the Rules of the Court.

## 1.1.09. Process for Filing the Complaint

When the complainant submits the complaint with the Court, the Clerk of the Court shall:

(i)  Time stamp the complaint with the date, day, and time of the filing. The Clerk of the Court shall also initial the original copy of the complaint; and

(ii)  Assign the complaint a docket number which will be written onto each copy of the complaint; and

(iii)  Record the case name and docket number into the Court's official log or docket book.

(iv)  Collect the filing free for the case and provide the complainant or filing party with a receipt.

(v)  Provide the complainant or filing party with notice of the suit. It is the responsibility of the complainant to serve the defendants with the summons and a copy of the complaint in the manner required by section 2.2.

## Section 2. Service of Process

## 1.2.01. Issuance of Summons

Upon filing the complaint, the Clerk of the Court shall provide the complainant or signing party with a notice of suit [hereinafter Summons], which is to be mailed, along with a copy of the complaint, to the defendant.

## 1.2.02. Time Limit for Service

Unless otherwise provided by the rules, the defendant shall be served with the summons and a copy of the complaint within fifteen (15) days. If service is not made within that time frame, the Court shall dismiss the case or order the complainant to serve the defendant by a specified date. If the complainant shows good cause for failing to execute service, the Court may extend the time for service of process for a reasonable period.

## 1.2.03. The Summons

For the summons to be valid and effective at providing reasonable notice to the defendant it must:

   (i)    Be signed by the clerk,

   (ii)   Bear the seal of the Court,

   (iii)  Identify the court and the parties,

   (iv)   Be directed to the defendant,

   (v)    State the name and address of the plaintiff's attorney or, if the plaintiff is unrepresented, the plaintiff,

   (vi)   State the time within which the defendant must appear and defend, and that the failure to do so will result in a judgment by default against the defendant for the amount of relief requested in the complaint or an amount otherwise determined by the court.

**1.2.04. Process Server**

Any person who is not a party to the proceeding may make Service of process and who is at least 18 years of age at the time service is made. However, if the plaintiff requests, the Clerk of the Court can order that service of process be executed by a Tribal Law Enforcement Officer or another person specifically appointed by the Court. If service of process is made by the Court, the plaintiff must pay a service of process fee of $40.

**1.2.05. Service Area**

So long as the Court has jurisdiction over the matter, service of process may be made anywhere within the territorial United States.

**1.2.06. Service of Process**

Service of process must be made in one of the following ways, unless otherwise directed by the Court.

   (i)    On the defendant personally.

   (ii)   To a person located at the defendant's personal residence or employed at the defendant's business who is of an age, competence, and, if service is made to a business, a position within the organization, such that it is reasonable to expect the defendant will receive the notice.

   (iii)  To an agent of the defendant who is authorized by law to receive the service of process.

   (iv)   By registered or certified mail, so long as the mailed envelope is addressed to either the defendant's principal place of residence or employment and the complainant receives a return receipt to file with the Court as proof of service; or

   (v)    If the Court so orders, service of process may be made by publication of the summons and complaint in the Tribal or local newspaper at least once per week for four consecutive weeks. However, if the defendant's principal place of residence or employment is not located within the Reservation or the principal geographical area served by the newspaper, then this form of service is invalid.

**1.2.07. Service on Corporations**

If the defendant is a corporation, service shall be made on any officer of the corporation or agent authorized by law to accept the service of process.

### 1.2.08 Service on Minors

If the defendant is a minor, service may be made on the minor's parent(s), guardian(s), person having custody of the minor, or any member of the minor's household that is over the age of 18. If the minor has been appointed a guardian ad litem by the Court, service shall be made on this individual as well.

### 1.2.9. Service on Incompetent.

If the Court or State wherein the defendant resides has declared the defendant to be of unsound mind, service of process shall be made on the defendant's guardian, or if the defendant is in confinement, the superintended or other authorized agent of the mental or correctional institution where the defendant is being held.

### 1.2.10. Proof of Service

The person executing the service of process shall make proof thereof to the Court. If service is made in person, the serving individual shall sign an affidavit attesting to the service, which the complainant will file with the Court. If service is made by mail, the complainant shall file the return postal receipt with the Court.

## Section 3. The Defendant's Answer

### 1.3.01. Time Frame for the Answer

In any civil cases where the plaintiff is seeking damages or injunctive relief, the defendant must supply the plaintiff and the Court with a written answer within thirty (30) days of receipt of the summons and complaint.

### 1.3.02. Contents of the Answer

The answer shall admit or deny each of the allegations listed in the complaint and assert any affirmative defenses, counterclaims against the plaintiff, and cross-claims against third parties.

### 1.3.03. Failure to Deny

All of the plaintiff's allegations in the Complaint must be admitted or denied in the answer. If the Defendant fails to deny an allegation, the Court shall consider it to be admitted by the defendant unless the defendant can show good cause for failing to deny the allegation or such a reading would fail to do substantial justice to either of the parties.

### 1.3.04. Filing of the Answer

The defendant shall file three (3) copies of the answer with the Court and mail one (1) copy of the answer to each of the named Plaintiff's in the case.

### 1.3.05. Trial Date

The Clerk of the Court shall schedule a trial date for at least sixty (60) and no more than ninety (90) days from the filing of the answer. This timeframe may be adjusted if the interests of justice substantially merit such an adjustment.

### 1.3.06. Negotiated Settlement

At any time prior to the final judgment, the parties may voluntarily decide to settle the case on such terms as they both find agreeable unless the Court finds that such an agreement would fail to do substantial justice for any one of the parties. The settlement agreement shall be in writing, signed by both parties, and submitted to the Clerk of the Court. If accepted and approved by the Court, the agreement will be considered the final, legally enforceable judgment of the Court.

### Section 4. General Rules Regarding Complaints, Answers, and other Motions

1.4.01. Submission of only Legitimate Claims and Information

By submitting the complaint, answer, motion, or other paper with the Court, the submitting party is certifying that to the best of their knowledge, and after a reasonable degree of inquiry given the circumstances of the case,

(i) The item is not being submitted for any improper purpose, such as to harass the adverse party, or to delay or increase the cost of the proceedings.

(ii) The claims, defenses, and other legal contentions are warranted from existing law or reasonable extensions of existing law.

(iii) The factual contentions are supported by the evidence or will likely be supported once the party has a reasonable opportunity to investigate or conduct discovery.

(iv) The denials of factual contentions are based on evidence or a lack of information or belief.

1.4.02. Motions

A motion is a request to the Court for the purpose of obtaining an order of rule directing something to be done in favor of the applicant, such as dismissing the case by summary judgment or compelling discovery. The motion shall be done before trial and made in writing whenever possible. However, the Court may allow an oral motion at the time of trial if the interest of justice require as much.

1.4.03. Motions and other Papers

All Motions and other papers must be prepared on 8 ½ by 11 inch white opaque paper and shall be typed or written. If written, the Complaint must be of such quality that it can be legibly photocopied and it shall be free of any defacing marks, such as erasures, white out, or crossed out words. If typed, the complaint must be double spaced, except for quotations and footnotes, which may be single-spaced.

1.4.04. Signing of Motion

(a) Every motion filed with the Court shall be signed personally by either counsel or the claimant in his or her legal name except if:

(i) The complainant is a partnership, and then any one of the partners may sign.

(ii) The complainant is a corporation, and then any full-time employee with personal knowledge of the facts of the claim may sign.

(b) Beneath the signature, the signing party must also include their printed name, telephone number, and mailing address.

1.4.05. Contents of Motion

The motion shall specifically state what order is sought and the reason why the Court should grant such a request. The Applicant is also encouraged to submit along with the motion a memoranda or legal authority in support of the motion.

1.4.06 Service of the Motion

Every motion that is submitted with the Court must also be served on the adverse party. At the time the motion is filed with the Court, the Applicant shall submit a proof of service, as described in 1.2.10, stating that the motion was mailed or otherwise delivered to the adverse party.

### 1.4.07. Opposition

The adverse party shall have fourteen (14) days from the date of service to respond to the motion. If the motion is served less than fourteen (14) days before the trial date, the party may request a continuance, request permission not to answer the motion, or answer the motion anytime up until the morning of the trial.

### 1.4.08. When Accepted

Either party may file a motion with the Court so long as it is done at least ten (10) days after the filing of the answer and no less than five (5) days before the date of the trial, unless otherwise provided in these rules.

### 1.4.09. Limitations

Neither party shall be limited in the number of pretrial motions it may bring. However, the Court, in its discretion, may limit the number of motions where it deems necessary, particularly if the Court finds the motion to be frivolous, repetitive, or without merit.

### 1.4.10. Hearings

Unless requested by either party and granted by the Court, or ordered by the Court sua sponte, a hearing on the motion will not be held. If The Court grants a hearing, the hearing shall be scheduled for the soonest practicable time, typically no less than five (5) days before trial. It the request for a hearing is made less than ten (10) days before trial, the Court may schedule the hearing to immediately proceed the scheduled time for the trial.

## Section 5. Specific Types of Motions

### 1.5.01. Coverage

This section is not intended to cover all the motions that the parties may submit to the Court.

### 1.5.02. Motion to Amend Pleadings

(A) Generally. A motion to amend a pleading before trial must include:

    (1)    A copy of the proposed amendment or amended pleading

    (2)    Identify the allegations or information that the party requests the Court to delete from the previous pleading. The party shall identify this information with the most specificity that is reasonably practical given the lay out of the original pleading, such as by page, paragraph, and line number.

    (3)    Identify the allegations or information that the party requests the Court to add to the previous pleading. The party shall identify the place in the original pleading where this information is sought to be added with the most specificity that is reasonably practical given the layout of the original pleading, such as by page, paragraph, and line number.

(B) Supporting Declaration. A supporting declaration must accompany the motion and must specify:

    (1)    The effect of the amendment

    (2)    The reason why the amendment is necessary and proper.

    (3)    When the party became aware of the facts that necessitated the amendment.

    (4)    The reason why the amendment was not made earlier.

(C) Changes to the Original Pleading. Amendments to pleadings must be made by pleading, and are not to be made onto the face of the original pleading, unless otherwise authorized by the Court.

1.5.03. Motion for Summary Judgment

(a) Generally. Any party may move for summary judgment by filing a motion contending that the complaint has no merit or the opposing party failed to raise any defense to the legal claim. All motions for summary judgment must be made and served on the adverse party at least fifteen (15) days before the date of trial. The receiving party shall have fourteen (14) days to respond to the motion and file an opposition motion with the Court. If the Court receives the opposition motion in close proximity to the scheduled time for trial, the motion may be addressed at the time of trial.

(b) Contents of Summary Judgment Motion: The motion for summary judgment shall contain a list of all the facts the moving party contends are undisputed along with a referenced list of attachment of any evidence that supports their position.

(c) Contents of Opposition Motion. Motions in Opposition shall respond to each of the material facts the moving party contends are undisputed by stating whether the claim is accurate or inaccurate and referencing or attaching any evidence that supports their position. Opposition motions may not be used to raise new summary judgment motions against the adverse party. If the responding party wants to move for summary judgment, it must comply with the provisions of subsection (a).

(d) Affidavits. Supporting and opposing affidavits may only be submitted if based upon personal knowledge, would be admitted at the time of trial under the Federal Rules of Evidence, and indicate that the affiant is competent and willing to testify if the Court so requests.

(e) When Granted. The Court shall grant the motion for summary judgment in favor of the moving party if the submitted papers show there is no tribal issue of material fact. The Court shall consider all the evidence referenced or set forth in the motions along with any reasonable inferences based on the evidence. If the reasonable inferences both support and oppose the motion for summary judgment, the Court shall not grant the motion.

(f) Summary Adjudication: A party may move for summary adjudication if:

    (1)    It relates to one or more causes of action, affirmative defenses, or monetary claims.

    (2)    It is submitted in the same manner as a motion for summary judgment as detailed under subsection (a).

    (3)    It completely disposes of a cause of action, affirmative defense, or a claim for damages.

(g) Determination. If the Court denies a motion for summary judgment or summary adjudication, it shall be by written order, or orally if done at the time of trial, indicate the material facts that are still in dispute which make the action a live controversy. Similarly, if the Court grants a motion for summary judgment, it shall be by written order, or orally if done at the tie of trial, state the reason for its determination and cite any evidence in support thereof.

**CHAPTER 2. Pretrial Discovery**

**Section 1. General Rules**

2.1.01. General Rules

(1)    Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

(2)    Discovery, except for that listed under section two, may not take place until the parties have participated in a pretrial conference as is required by Chapter VI of this title.

2.1.02 Examples of Discovery

Unless otherwise limited by the Court, a party may obtain discovery through oral or written depositions; written interrogatories; requests for admission; physical or mental examinations; the production of documents or articles; or the right to enter land or other property to visually inspect, photograph, or conduct some other legitimate purpose previously authorized by the court.

2.1.03. Limitations

(A) In General. By order, the Court may limit the use of discovery if it finds that:

(i)    The discovery sought is unreasonably cumulative or duplicative, or can be obtained in some other way that is more convenient and less expensive,

(ii)   The party-seeking discovery has had ample time or opportunity to obtain the sought information.

(ii)   The burden or expense of the discovery outweighs its expected benefit once the totality of the circumstances is taken into account.

(B) Trial Preparation Materials. A party may obtain discovery of documents and tangible things that were prepared for or in anticipation of trial if the party has a substantial need for the materials in the preparation of its own case and it is unable to obtain the materials through other reasonable means.

(C) Trial Preparation: Experts. A party may obtain discovery from an expert retained by another party who is not expected to be called as a witness or upon a showing that there is exceptional need for the information and the party is unable to obtain the information through other means.

(i) Compensation: Unless it would unjust, the expert shall be paid a reasonable amount for responding to the party's discovery.

(D) Privilege. If a party claims that information is not discoverable because it is privileged or subject to the trial preparation materials exception, the party shall make the claim expressly and describe the nature of the information so the court and other party can assess the genuineness of the claim.

2.1.04. Protective Orders

Upon a motion by the party or by the person from whom discovery is sought, and for good cause shown, the Court may make an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense by ordering:

(i)    That the discovery not takes place.

(ii)   That the discovery takes place only on specified terms and conditions, such as the time and place of its occurrence.

(iii)  That the discovery comes in a different form then what was originally requested.

(iv)   That the scope of the discovery be limited so that certain matters are not sought or inquired into.

(v)    That an officer of the Court conducts the discovery in place of the adverse party.

(vi)   That a deposition, after being sealed, be opened only by an order of the Court.

(vii)  That a trade secret or other confidential research, development, or commercial information be immune from discovery or be discovered in a limited way.

(viii) That the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the Court.

## Section 2. Required Discovery

2.2.01. Initial Discovery

A party shall, without waiting for a formal discovery request, provide to the adverse party the following information:

(1)    The name, address, and telephone number of every individual in the possession of discoverable information that is likely to be favorable to the disclosing party's side.

(2)    A copy of all documents, data compilations, and tangible items which are in the party's possession and are likely relevant to the action. If the tangible item is not capable of being copied, the party must provide a written description of the item, including the location where the item can be found.

(3)    A written claim for damages and a copy of any non-privileged document(s) that was/were used to help prepare the claim.

(4)    Any insurance agreement, which may satisfy part or all of the judgment being sought.

2.2.02. Expert Witnesses

(A) Testimony. A party is required to disclose to the adverse party a list of all expert witnesses that may be called at trial along with a written report, prepared and signed by the expert witness, containing the witness' intended testimony and any data or other information upon which the opinion is based.

(B) Qualifications and Compensation. The party must also disclose the expert witness' credentials, the other cases in which the witness has testified, and the amount of the compensation the witness will receive for testifying at this trial.

2.2.03. Pretrial Disclosure

At the soonest practicable time, the parties must disclose to one another the information it may disclose at trial, including:

(1) The name, address, and telephone number for every witness the party may call. The party must identify those witnesses, which it intends to call, and those that it will call only if the need arises.

(2) A list of deposed witnesses whose testimony will be presented even though they are not expected to be present at the trial.

(3) A list of all the evidence that the party expects to submit into evidence.

2.2.04. Form of Disclosure

All disclosures under this section shall be made in writing, in compliance with Section 4 of Chapter 1, signed by the offering party and promptly filed with the Court and delivered to the receiving party.

2.2.05. Signing of Disclosures

The offering party or their attorney of record shall sign all initial and pretrial disclosures made pursuant to this section. The signature certifies that the party had reason to believe, and did so believe that the disclosure was complete and accurate at the time it was made.

## Section 3. Additional Discovery

2.3.01. Depositions Upon Oral Examination

A person who participates in the pretrial conference, as is required by subsection six, and desires to obtain testimony regarding any matter therein discussed, may take the testimony of any person, including a party:

(a) Without Leave of Court: Depositions may only be taken without leave of Court unless the Court determines otherwise. The requesting party shall provide the adverse party with a written notice at least ten days before the deposition stating the time and place of the deposition and the name and address of all persons to be deposed.

(1) Contents of the Notice: The Notice of Deposition shall include all the following:

(i) The address where the deposition will be conducted.
(ii) The date and time of the deposition.
(iii) The name and address of all deponents.
(iv) A reasonable specific statement describing all materials that will be produced by the deponent.
(v) Whether the deposition will be recorded by audio or videotape in addition to having it recorded by stenograph.

(c) Scheduling the Deposition. The oral deposition shall be scheduled at least ten (10) days after service of the deposition notice. If the requesting party subpoenas the witness to produce documents of other items and the deposition, the deposition shall be scheduled at least twenty (20) days after service of the deposition notice.

(b) By Order of the Court. A party may file an order requesting that it be allowed to take the deposition of a person or persons named in the Court order. In addition to the deponent's name, the requesting party shall also include in the Court order the purpose of the deposition and the testimony it intends to elicit from the deponent.

(1) Serving the Notice: The requesting party shall serve notice upon each person named in the motion and all parties to the action. The notice shall conform to the requirements of 2.3.01(a)(1).

(2) Conducting the Deposition: The deposition shall be conducted by an officer of the Court who, at the beginning of the deposition, shall state, on the record, (a) his or her name; (b) the date, time, and place of the deposition; (c) the deponent's name; and (e) the parties that are present at the deposition. After providing this information, the officer of the Court shall administer the oath to the deponent. At the end of the deposition, the

officer shall state, on the record, that the deposition is complete and any limitations placed upon the recording by either of the parties.

(3) Evidentiary Rules: The Deposition shall be conducted in accordance with the Federal Rules of Evidence, unless otherwise directed by the Court.

(4) Non-participation: If a party is unable to participate in the deposition, it may provide the officer of the Court with a list of questions to ask the deponent. These questions shall be served on the adverse parties a reasonable amount of time prior to the deposition and shall be read by the officer of the Court verbatim and on the record. If the deposition is not being audio or videotaped, the officer of the Court shall record the deponent's answers verbatim.

(5) Submissions to Deponent: Once the testimony is fully transcribed, the deposition shall be submitted and read to the witness, unless such examination is waved by the witness and by the parties. If the witness desires to make any change in the form or substance of the deposition, the officer shall make the changes onto the deposition form along with a statement by the deponent with his reason for making the change. The deponent shall then sign the deposition, unless the parties previously waived this requirement. If the signing was not waived, and is not completed within thirty (30) days, the officer of the court shall sign for the deponent and include on the deposition form the reason for the deponent's failure to sign, whether it be illness, death, absence, or refusal to sign altogether.

## 2.3.02. Depositions Upon Written Questions

(A) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of Court.

(B) Procedure: The requesting party shall serve a notice of deposition upon the adverse party stating the name and address of the deponent, and the name, or official title, and address of the person administering the deposition. A copy of the notice, and the questions to be asked, shall be served on the person administering the deposition. Once completed, the person administering the deposition shall certify that it is correct and mail it to the requesting party and file it with the Court. Once the deposition is filed, the requesting party shall give notice of its completion to the adverse party.

## 2.3.03. Use of Depositions in Court Proceedings

(A) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.

(B) The Deposition of a witness may be used for any purpose if the Court finds that:

    (1)    The witness is dead,
    (2)    The witness is located more than 100 miles away from the place of the trial,
    (3)    The witness is unable to attend because of age, illness, infirmity, or imprisonment,
    (4)    The witness is not present despite being subpoenaed,
    (5)    Upon application and notice to the Court and the other parties, other exceptional circumstances exist that would make it unfair to disallow the deposition from being presented in Court.

## 2.3.04. Persons Before Whom Depositions may be taken.

(A) Depositions shall be taken before a person appointed by the Court, unless otherwise directed by the Court. If the Court appoints a person, the person shall be an officer of the Court who has the power to administer oaths and take testimony.

(B) Depositions may not be taken by a person who is a relative, employee, or attorney of any of the parties' a relative or employee of any of the attorneys; or has a financial interest in the outcome of the proceedings.

(C) Upon written stipulation, the parties may agree that depositions may be taken before any person, at any time or place, upon any notice, and in any manner, and still be used like any other deposition under this chapter.

2.3.05. Interrogatories

(A) Any party may serve on any other party written interrogatories so long as they do not exceed twenty-five (25) in number, including sub-questions.

(B) Each interrogatory shall be answered separately, completely, and under oath. If a question is objected to, the answering party shall state the reason for the objection and shall answer any portion of the question, which is not objectionable.

(C) The answers to the interrogatories shall be signed by the person making them or their attorney of record.

(D) The answers to the interrogatories shall be served on the requesting party within fifteen (15) days of service of the interrogatories.

2.3.06. Production of Documents / Entry upon Land for Inspection

Any party may serve on the other party a request permitting the party, or a named representative thereof to:

(1) Inspect documents or tangible objects so long as the party disclosed its intentions to request inspection during the pretrial conference and the items are within the custody of the of the requested party. The request shall identify the documents or tangible objects with reasonable specificity and specify a reasonable time and place for inspection.

(2) Enter upon land that is within control of the requested so long as the entry is made for the purposes of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon. The request shall specify the time, date, and reason for the entry.

The requested party shall provide a response within fifteen (15) days after the service of the request. The response shall state whether the inspection or entry is permitted and, if not, the reason for the objection. The requesting party may seek an order from the Court to permit inspection if objected to by the requested party.

2.3.07. Physical and Mental Examinations

When the mental or physical condition of a party, or a person in the custody or under the legal control of the party, is in controversy, the Court may order the party to submit to a physical or mental examination by a licensed or certified examiner.

2.3.08. Requests for Admissions

(A) In General. A party may serve on another party a written request that the party admit or deny the truth of any factual or legal issue in the pending action, including the genuineness of documents and other tangible objects.

(B) Procedure. The total number of requests shall not exceed twenty-five (25). Each individual request for admission shall be laid out individually. The matter is admitted unless with fifteen (15) days of service the requested party serves their answers on the propounding/requesting party. If a matter is objected to, the party shall provide the reason for the objection. If the requested party denies an answer in part, he shall admit to the part that is true and deny the remainder, making sure to provide an explanation for the partial objection. If the question cannot

be answered because the party does not have the information necessary to admit or deny the request, the party shall state as much in their explanation so long as they made a reasonable attempt to obtain the information necessary to answer the request and the reasonable party in the party's position would not be able to admit or deny the request.

(C) Motions: The requesting party may submit a motion with the Court to determine the sufficiency of the answers. If the Court finds that an answer is not sufficient, the requesting party shall amend the answer in a timely manner. If the party fails to do so, the question is admitted to.

(D) Failure to Respond: The failure to respond to questions in the same as an admission.

(E) Effect of Admission: An admission establishes the truth of the matter unless the Court allows the party to amend or withdraw their answer.

## Section 4. Discovery Procedure

2.4.01. Discovery Procedure

All discovery requests and responses shall be served directly on the adverse party and do not need to be filed with the Court unless listed under section 2 (required discovery) or otherwise ordered by the Court.

2.4.02. Failure to Disclose

If a party fails to engage in discovery or make a disclosure, the requesting party must first attempt in good faith to confer with the adverse party and acquire the requested information without Court action. If this proves to be unsuccessful, the requesting party may file a motion with the Court to compel disclosure and to impose sanctions.

2.4.03. Good Faith Disputes

If a good faith disagreement arises concerning any discovery matter not covered under 2.4.02, the requested party shall submit two (2) copies of the discovery request and two (2) copies of a statement describing the problem to the Court for resolution.

2.4.04. Supplementing Discovery

A party who has responded to a discovery request is under a duty to supplement or correct their disclosure if they learn of information or experience a change in circumstances that makes the prior response either incomplete or incorrect.

2.4.05 Deadline

Unless otherwise ordered by the Court, discovery requests may be submitted to the adverse party anytime following the pretrial conference but no less than twenty (20) days before the date of the trial.

## CHAPTER 3. Subpoenas

3.1.01. Issuance by Parties

Any party shall have the right to compel witnesses, both for and against them, to appear in Court to testify.

3.1.02. Issuance by Court

The Court Judge may issue subpoenas to compel the testimony of witnesses or production of evidence upon a showing of good cause by any of the parties, a Tribal law enforcement officer, or the Court itself. However, the Court in its discretion may refuse to issue a subpoena if it finds it

Exhibit 3
Page 32

16

will pose an undue burden on the person possessing the evidence and the interest of justice does not demand his or her appearance.

### 3.1.03. Service of Subpoena

Service of process may be made in any manner authorized by 1.2.06 except for subsection (v). Service must be made ten (10) days in advance of the witness' appearance. However, the witness may be afforded more time if he or she does not live within two hundred (200) miles of the Court and additional time is needed to make the necessary travel arrangements.

### 3.1.04. Failure to Appear

A witness may be held in contempt of Court and ordered to pay a fine if he or she fails to comply with the subpoena, so long as the subpoena was properly served and the witness did not provide the Court with a reasonable justification at least five (5) days before the date of the trial.

### 3.1.05. Production of Documents

(1)  If a person is ordered to produce documents, they shall be produced as they are kept in the ordinary course of business or organized to correspond to the requesting party's instructions.

(2)  If a person withholds information on the grounds that it is privileged or protected as trial preparation material, the claim shall be filed with the court and the requesting party, and include a reasonable description of the withheld items so that the requesting party can contest the claim.

### 3.1.06. Quashing of Subpoenas

Upon a timely motion by the person subpoenaed, the Court may quash or modify the subpoena if it:

(1)  Fails to allow a reasonable time for compliance;

(2)  Requires a person who is not a party to the proceeding to travel in excess of two hundred (200) miles from the place where the person resides or conducts business and does not allow a reasonable time for the travel.

(3)  Requires the disclosure of privileged or protected materials;

(4)  Imposes an undue burden on the person subpoenaed.

However, in the Court's discretion, if the calling party shows a substantial need for the testimony or material that cannot be meet in another manner, the Court may order its appearance or production in a specified manner.

### 3.1.07. Notifying Witnesses

It is the duty of the calling party to notify the subpoenaed person that his or her attendance will not required in time to prevent the person from traveling to the Court. If the calling party fails to comply with this provision, the Court may impose a sanction against the party.

### 3.1.08. Witness Fees

Each witness answering a subpoena shall be entitled to a fee of fifteen dollars ($15.00) a day for his services and a travel fee of twenty cents ($0.20) for every mile traveled to and from the Court. The calling party shall pay these expenses. If the calling party is the Tribal law enforcement officer or the Court, prior approval shall be obtained from the presiding judge.

## CHAPTER 4. Pretrial Conference

4.1.01. Generally

The pretrial conference may be scheduled by either one of the parties or by the Court upon its own motion for ten (10) days after the filing of the answer or within a reasonable time of this date as determined by the Court.

4.1.02. Purpose

The purpose of the pretrial conference is to simplify the issues, eliminate frivolous claims or defenses, to discourage inefficient pretrial activities, and to improve the qualify of the proceedings by discussing such things as settlement prospects, discovery, evidence to be presented, and witnesses to be called at the time of trial. Nothing said during the pretrial conference may be admitted at trial.

4.1.03. Discovery

The pretrial conference is mandatory if discovery is sought by any one of the parties.  No formal discovery shall be initiated by any of the parties until after they meet at the pretrial conference to discuss the logistics and course of the discovery period.

## TITLE 3. The Trial

## Section 1. Tenets of Trial Procedure

1.1.01. In General

These rules are the default rules for trial practice unless the Rules of the Intertribal Court dictate otherwise. In situations where these rules conflict with the Rules of the Court, the Rules of the Court shall govern.

1.1.02. Procedure

All trials upon the merits shall be conducted in open Court and, so far as convenient, in an open courtroom. All other acts or proceedings may be done or conducted by a Judge in chambers.

1.1.03. Standard of Proof

In every civil case, the complainant has the burden of proving his or her case by a preponderance of the evidence.

1.1.04. Applicable Law

In every civil case, the Court shall apply the laws, resolutions, ordinances, customs, and codes of the Tribe that are not otherwise prohibited by Federal law or precluded from application because of a intertribal agreement. In the event that these laws do not address the claim or an issue thereof, the Court shall assimilate and apply, in order, the statutory and common law of the United States or the state of California.

1.1.05. Tribal Customary Law

In every civil case, the customs of the Tribe may be used to resolve the complaint. If any doubt arises as to the customs of the Tribe, the Court may call an impartial expert witness to clarify the customary law and advise the Court.

Exhibit 3
Page 34

1.1.06. Evidentiary Rules

In every civil case, the Federal Rules of Evidence shall serve as an advisory tool for the admission or exclusion of evidence. The Court shall use these rules so as to achieve substantial justice for both parties.

## Section 2. Pretrial Matters

1.1.01. Preliminary Injunctions

(a) Notice: Preliminary injunctions shall not be ordered unless the adverse party is first provided with notice of the injunction.

(b) Consolidation of the Hearing with Trial on the Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when the consolidation is not ordered, any evidence received upon an application for a preliminary injunction, which would be admissible upon the trial on the merits, becomes part of the record on the trial and need not be repeated upon the trial.

(C) Security. No preliminary injunction shall be issued except upon the giving of a security by the applicant in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. This security requirement does not apply to actions involving domestic violence.

1.1.02. Temporary Restraining Orders

(a) Notice, Hearing, Duration. A temporary restraining order may be granted without written or oral notice to the adverse party only if:

(1) It is clearly apparent from facts shown by affidavit or the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition.

(2) The applicant's attorney certifies to the Court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

(b) Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall define the injury and state what it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be stated in the order extending the period.

(1) Where a temporary restraining order is issued to protect the applicants health and safety, or the health and safety of the applicant's immediate family, the order shall expire by its terms within such time after entry, not to exceed 30 days, as the Court fixes, unless within the time the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be stated in the order extending the period.

(C) When a temporary restraining order is granted without notice, the Court will hold a hearing at the earliest possible time to hear a motion for a preliminary injunction. Such hearing takes precedent of all maters except older matters of the same character; and when the motion comes on for hearing, the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the Court shall dissolve the temporary restraining order.

(D) No retraining order shall be issued except upon the giving of a security by the applicant in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. This security requirement does not apply to actions involving domestic violence.

## Section 2. Handling of Cases

1.2.01. Alternative Dispute Resolution

In actions between private parties, any party involved in the case or the Court, either before or during trial, may bring a motion to resolve the case through informal means such as negotiated settlement, mediation, or arbitration.

1.2.02. Consolidation of Cases

The Court, upon its own motion, may consolidate cases that are pending before the Court that share a common question of law or fact in order to avoid unnecessary cost or delay.

1.2.03. Separation of Trials

The Court, upon its own motion or motion of one of the parties, may separate a trial to avoid prejudice to one of the parties, to avoid confusion of issues, or to promote convenience.

1.2.04. Substitution of Parties

If a party to the action dies, becomes incompetent, or transfers his interest in property then at issue in case, the Court may join a substitute or successor party as the interests of justice require.

## Section 3. Dismissal of Actions

1.3.01. By Plaintiff

The Plaintiff without an order of the Court may dismiss an action at any time before the defendant files an answer or a motion for summary judgment.

1.3.02. By the Court

Except as provided in 1.3.01, the Court shall not dismiss an action based upon the plaintiff's request except by Court order and upon such terms and conditions as the court finds agreeable. If the defendant files a counterclaim before the Court files an order to dismiss, the action shall not be dismissed unless the counterclaim is able to remain independently before the Court.

1.3.03. By the Defendant

The Defendant may file an order for dismissal if the Plaintiff has failed to prosecute the case or comply with the rules of civil procedure or the rules of the court. If the defendant's dismissal is granted, unless the Court determines otherwise, the dismissal operates as adjudication on the merits.

## Section 4. Judgments by the Court

1.4.01. Bench Trials

In all cases tried without a jury, the Court shall enter its verdict in open Court within fifteen (15) days from the conclusion of the presentation of evidence.

1.4.02. Remedies

In all civil cases, judgment shall consist of an order of the Court awarding money damages to the injured party, the forfeiture of specified property or assets to the injured party, or the performance of some other act for the benefit of the injured party.

## Section 5. Execution

1.5.01. In General

(A) In General. The process to enforce a judgment for the payment of money shall be a writ of execution. Remedies include attachment, garnishment, replevin, sequestration, and other equivalent remedies.

(B) Timeframe. Unless provided by Tribal Ordinance or stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten (10) days after its entry.

1.5.02. Seizure of Property

If after a reasonable time, not to be less than ten (10) days following the judgment, the debtor has not paid the judgment amount in full or is not making payments in the manner agreed to by the parties, the Court shall order the debtor to appear before it and answer questions under oath or affirmation regarding his or her property. Based on its judgment, the Court shall determine which property of the debtor is available for execution and order the Tribal Police to seize it in the amount necessary to cover the outstanding debt.

1.5.03. Sale of Seizer Property

The Tribal Police shall sell the seized property at auction, giving at least thirty days notice to the public. The property shall be awarded to the highest bidder so long as he can make payment or arrange for payment at the time of the sale. If the sale price exceeds the amount of the debt, the surplus shall be given to the debtor.

1.5.04. Limitation on Seizure

The Court shall only order sale and seizure of such property if the loss will not impose a substantial hardship on the debtor or his immediate family. Property is not subject to execution if it does not belong to the debtor or is not in the debtor's name, or is culturally significant.

## Section 6. Control of the Courtroom

1.2.05. Contempt of Court

(A) General. The Court has the authority to hold persons in civil contempt of Court. The judgment of the Court is final and carries with it a monetary fine. People may be held in contempt of Court for committing any of the following acts:

(1) Acting in an inappropriate manner towards the judge while Court is in session.
(2) Disrupting the judicial proceedings through disorderly, boisterous, or violent conduct.
(3) Negligent, reckless, or intentional misbehavior on the part of someone providing a judicial or legal service, including making a material misrepresentation regarding the authority provided by the Court.
(4) Disobeying a properly served subpoena or refusing to take an oath or affirmation before testifying.
(5) Disobeying a lawful order of the Court.
(6) Disobeying a lawful judgment of the Court.
(6) Any other unreasonable interference with the Court proceedings.

(B) Procedure. If the act was committed in the presence of the Court's Judge, it may be penalized summarily. The Judge shall issue an order of contempt, recite the underlying facts, find the

person guilty of contempt, and impose a monetary penalty. If the act was not committed in the presence of the Court's Judge, the witnessing person must submit an affidavit with the Court citing the underlying facts that resulted in the violation. Based on the information in the affidavit, the Court's Judge will determine whether there is reasonable cause to believe that a violation occurred. If there is, the Court will set a date for a contempt proceeding and provide notice of the proceeding to the parties involved.

(C) Fine. If the Court finds that a contempt violation occurred, it may assess a monetary fine not exceeding $500. If the person fails to pay the fine in a timely manner, he or she may face an additional contempt violation, and have their wages garnished or property seized.

# EXHIBIT  4



**Pala Band of
Mission Indians**

P.O. Box 50
Pala, California 92059-0050
(760) 742-3784
(760) 742-1411 Fax

RESOLUTION 11-03

Commitment to the Intertribal Court of Southern California

WHEREAS, the Pala Band of Mission Indians is a federally recognized Indian tribe (the "Tribe"); and

WHEREAS, the Tribe is vested with the responsibility to govern the tribal community and to provide for the health, safety and welfare of its tribal members; and

WHEREAS, the Tribe desires to provide the community with a court system and a forum for dispute resolution for disputes arising on the reservation or disputes involving tribal members.

THEREFORE BE IT RESOLVED THAT, the Tribe hereby commits to developing an Intertribal Governing Agreement with the Intertribal Court of Southern California to provide tribal court and dispute resolution services for issues subject to the tribal jurisdiction subject to jurisdictional limits set by the tribe, the Intertribal Court and applicable state and federal laws.

BE IT FURTHER RESOLVED, THAT THE general Council authorizes and designates the Tribal Chairman the Official Officer of the Tribe to amend, sign, and execute any and all documents, and agreements that will facilitate the aforementioned.

CERTIFICATION

This is to certify that the above resolution was adopted at a duly called meeting of the General Council held on this 9th day of April 2003, by a vote of 41 for, 4 no, 17 abstain.

_____
ROBERT H. Smith, Chairman

_____
Leroy H. Miranda, Vice-Chairman

_____
Stanley McGarr, Secretary

_____
Theresa J. Nieto, Treasurer

_____
Anthony J. Ravago, Committee

_____
Dion T. Perez, Committee

Exhibit 4
Page 39

# EXHIBIT  5

Intertribal Court of Southern California

Governing Agreement


## CHAPTER 1.  ESTABLISHMENT AND OPERATION OF THE INTERTRIBAL COURT OF SOUTHERN CALIFORNIA

### Sec. 101 Establishment of the Intertribal Court of Southern California

There is hereby established an Intertribal Court of Southern California (ICSC) which shall be a court record with limited jurisdiction and consisting of a consortium of Southern California Tribes.

### Sec. 102 Board of Directors

The ICSC shall be governed by a Board of Directors consisting of representatives from Tribes who are members of the Southern California Tribal Chairmen's Association and who have agreed to participate in the ICSC by signing this Governing Agreement.  This Board of Directors shall be herein referred to as the ICSC Board of Directors.  The ICSC Board of Directors shall utilize and be governed by the By-Laws of Southern California Tribal Chairmen's Association for a period of up to, but not longer than, three (3) years as of the date signed on this Governing Agreement after which, the ICSC Board of Directors shall establish its own By-Laws for the ICSC.

### Sec. 103 Intertribal Court Membership

To become a member of the ICSC, a Tribe must be a member of the Southern California Tribal Chairmen's Association and submit an application as described below.  The ICSC Board of Directors may, in its discretion, waive the membership qualifications of this Section and authorize participation of a Tribe in the ICSC.  A Tribe requesting membership to the ICSC shall pay a one-time fee that will be determined by the ICSC Board of Directors.

PART A    Membership Application Process
A Tribe that desires to participate in the ICSC shall submit to the Court Administrator a written request to participate along with an estimate of the nature and extent of services the Tribe will require during the fiscal year it wishes to become a member. The ICSC Court Administrator shall review the Tribe's request and determine whether or not the ICSC can provide the desired services during the fiscal year in question. On the basis of this assessment, the Court Administrator shall make a written recommendation to the ICSC Board of Directors regarding the Tribe's membership request. The ICSC Board of Directors shall review the Tribe's request and recommendation of the Court Administrator and vote on whether the new Tribe may participate in the ICSC.

PART B.    Mid-Year Membership Application
In the event that an eligible Tribe requests participation in the middle of a fiscal year and such participation is not allowed due to insufficient ICSC resources, ICSC shall prepare its annual plan of operation and funding requests for the succeeding fiscal year to incorporate the new Tribe if possible and the new Tribe shall be admitted to participate in the ICSC as soon as resources permit.

PART C.    Official Membership
Upon approval of its application to participate in the ICSC, a new Tribe shall become a member when its Chairperson or appropriate elected officer, acting pursuant to a Resolution adopted by the Tribe's governing body, signs this Governing Agreement.

## Sec. 104 Withdrawal from Membership in the Intertribal Court of Southern California

A Tribe that wishes to withdraw from participation in the ICSC shall provide the Chairperson of the ICSC Board of Directors and the Court Administrator with at least thirty (30) days' written notice, and before the date set by the Tribe for withdrawal, the ICSC Board of Directors and the representatives from the withdrawing Tribe shall meet and make a good faith effort to resolve any problems, which may have prompted the Tribe's desire to withdraw. Alternatively, if there is no problem, but the Tribe is ready to assume it's independent Tribal Court functions, the ICSC and the withdrawing Tribe shall work together on a transition plan. The Tribe may

withdraw by submitting a written resolution of the withdrawal adopted by its governing body.

## Sec. 105 Administrative Branch of the Intertribal Court of Southern California

Pursuant to the Governing Agreement, the administrative branch of ICSC shall provide such services as, but not limited to; managing cases, assisting in developing uniform codes for consortium Tribes, developing court forms and rules, coordinating logistics for judicial staffing, and coordinating hearings, pursuant to Section 102.

## Sec. 106 Services to Member Tribes

Each participating Tribe in the ICSC shall submit to the Court Administrator at the beginning of the third quarter of each fiscal year a plan estimating the nature and extent of the services, which the Tribe will require during the following fiscal year.  However, if the required services will remain the same as the previous year, this provision will be deemed waived if not acted upon. If a participating Tribe fails or refuses to meet a condition for receipt of ICSC services, the Court Administrator may recommend and the ICSC Board of Directors may approve suspension of ICSC services to that Tribe pending the Tribe's compliance with the condition in question.  The Tribe may appeal to the ICSC Board of Directors the decision of the Court Administrator.

## Sec. 107 Records of the Court

The ICSC shall keep a record of all proceedings of the Court, showing the title of the case, the names and addresses of the parties, attorneys, lay counsels and witnesses; the substance of the complaint; the dates of all hearings or trials; the name of the Judge; the findings of the Court or verdict of the jury and judgment; the preservation of testimony for perpetual memory by electronic recording, otherwise; together with any other facts or circumstances deemed of importance to the case.  [A record of all proceedings leading to incarceration shall be submitted to the Regional Director, to be made a part of the records of the Pacific Regional Office as required by 25 U.S.C. 200.]  Unless specifically exempted by this Governing Agreement or Rule of Court, the records of the Court shall be public and available at the administrative offices of the Court.

**Sec. 108 <u>Jurisdiction</u>**

The jurisdiction of the ICSC shall extend to all lands, persons, and subject matter as set forth below and otherwise, to the fullest extent authorized by federal and tribal law.

PART. A.  <u>Territory</u>
The jurisdiction of the ICSC shall include all territory within the boundaries of each member Tribe of the ICSC or area defined by a member Tribe of the ICSC as its "Indian Country".

PART B.  <u>Persons</u>
The jurisdiction of the ICSC shall extend to all persons, entities, or organizations within the territory of a member Tribe of the ICSC to the fullest extent authorized by Federal, State and Tribal law.  Any person, entity, or organization not within the territory of member Tribe of the ICSC, but who transacts business within the territory of a member tribe, agrees to supply goods or services to the Tribe, or commits an act within a member Tribe that causes injury, shall be subject to the personal jurisdiction of the ICSC.

PART C.  <u>Subject Matter</u>
The jurisdiction of the ICSC shall extend to all matters granted to the ICSC, by member Tribe's pursuant to Tribal Law and applicable Federal and State Law, including matters in equity and common law.

**Sec. 109 <u>Tribal Immunity from Suit</u>**

Each ICSC Tribe shall be immune from suit.  Nothing in this Governing Agreement shall be constructed as consent of an ICSC Tribe to be sued. Each ICSC Tribe may provide explicit consent to waive sovereign immunity.

**Sec. 110 <u>Term of Agreement</u>**

The term of this Governing Agreement commences on the date of execution and runs in accordance with the provisions for withdrawal in Section 104.

**Sec. 111 <u>Amendments</u>**

This Governing Agreement may be amended only by written instrument duly signed and executed by member Tribe and the ICSC Board of Directors.

Sec. 112 **Successors in Interest**

The terms of this Governing Agreement will be binding on all successors in interest of each party.

Sec. 113 **Severability**

The provisions of this Governing Agreement are severable, and the determined invalidity of any provision or portion of this Agreement shall not affect the validity of any other provision or portion of this Agreement, and the remaining provisions of the Agreement shall remain in full force and effect.

## CHAPTER 2. ESTABLISHMENT AND OPERATON OF COURT OF APPEALS

### Sec. 201 **Creation of Court Appeals**

There is hereby created a Court of Appeals within the ICSC.

### Sec. 202 **Jurisdiction of Court of Appeals**

The jurisdiction of the Court of Appeals shall extend to all appeals from the final orders and judgments of the ICSC trial court.  The Court of Appeals shall review all determinations of the ICSC trial Court on matters of law, but shall not set aside any factual determinations of the Trial Court if such determinations are supported by substantial evidence.

### Sec. 203 **Composition of the Court of Appeals**

As the need for appellate services arises, the ICSC Board of Directors shall appoint a Chief Judge and two Associate Judges, none of whom shall have served at the trial level for the case on appeal. The ICSC Board of Directors will set forth the term of each appointment and the compensation for each Judge.

### Sec. 204 **Records of Court of Appeals**

The Court of Appeals shall keep a record of all appellate proceedings, showing the title of the case, the name and addresses of all parties and representatives, the briefs, the date of any oral argument, the names of the Judges who heard and decided the case, and the judgment, together with any other facts and circumstances deemed of importance to the case. [A

record of all proceedings leading to incarceration shall be submitted to the Regional Director of the Pacific Regional Office, to be made a part of the records of the Office as required by 25 U.S.C. 200.] Unless specifically provided under this Governing Agreement or Rule of Court, all decisions and opinions of the ICSC shall be published in a format that shall be available to the public at the administrative offices of the Court.

## Sec. 205 Right of Appeal

PART A.    Civil Cases
Any party who is aggrieved by a final order or judgment of the ICSC Trial Court may file a petition requesting the ICSC Court of Appeals to review that order or judgment as provided in Section 206.

PART B.    Criminal Cases
The defendant in a criminal case shall have an appeal as of right from a judgment of conviction. An ICSC Tribe shall have no right of appeal from a jury verdict of not guilty rendered by the trial Court without a jury. Appeals in criminal cases shall be taken as provided in Section 207.

## Sec. 206 Procedure on Decision for Review in Civil Cases

PART A.    Time to Petition and How to Petition
A party to a civil case shall file a Petition for Review within fifteen (15) days from the date of entry of the final order or judgment with the Court Clerk together with the docket fee and any bond required pursuant to this section. No extensions of the fifteen (15) day period shall be granted.

PART B.    Contents of Petition for Review
The Petition for Review shall specify the parties taking the appeal, shall designate the final order or judgment, or part appealed from, and shall contain a short statement why the petition should be granted. The Court Clerk shall mail a copy of the petition for review to all parties other than the petitioner. Other parties shall have fifteen (15) days to respond to the petition for review, after which time the Court of Appeals shall grant the petition and allow the appeal to be heard, or shall deny the petition.

PART C.    Docket Fee and Bond
The Petition for Review shall be accompanied by a docket fee of one hundred ($100.00) dollars and a bond to be set by the Chief Judge of the ICSC.  The maximum amount of the bond is five-hundred ($500.00) dollars.  The Chief Judge of the ICSC may waive or reduce the bond and the docket fee if he/she finds the appellant is indigent.

PART D.    Stay on Appeal
In civil cases the petitioner may request the Trial Court to stay the judgment pending action on the petition and on the appeal if the petition is granted, and either party may request the Trial Court to grant or stay an injunction pending appeal.  The Trial Court may condition a stay or injunction pending appeal on the depositing of cash or bond satisfactory to the Trial Court.  The appellant's bond shall be sufficient to cover the damages awarded by the Trial Court with interest.  The cash or bond may be deposited at or after the time the petition is filed.  The stay shall be effective when the Trial Court approves the deposit of cash or bond. The appellant may petition the Court of Appeals to review any decision of the Trial Court under this Section.

## Sec. 207 Procedures on Appeal of Criminal Cases

PART A.    Time to Appeal and how to Appeal
Any appeal in a criminal case must be taken within fifteen (15) days from the judgment appealed from by filing a written Notice of Appeal with the Court Clerk of the ICSC.  No extension of the fifteen (15) day period shall be granted.

PART B.    Notice of Appeal
The Notice of Appeal shall specify the party or parties taking the appeal, shall designate the judgment or part thereof appealed from, and shall contain a short statement of reasons for the appeal.  The Court Clerk shall mail a copy of the Notice of Appeal to all parties other than parties taking the appeal.

PART C.    Release on Bond Pending Appeal
In criminal cases the defendant may be continued on release or be released on bail. The appellant may petition the Court of Appeals, or Chief Judge thereof, to review any decision of the Trial Court taken under this Section.

Exhibit 5
Page 46

### Sec. 208 Judgment Against Surety

Any surety to a bond thereby submits himself/herself to the jurisdiction of the ICSC, and irrevocably appoints the Court Clerk as his agent upon whom any papers affecting his liability on the bond may be served. The liability of a surety may be enforced on motion without the necessity of any independent action. The motion as the Trial Court prescribes may be served on the Court Clerk who shall forthwith mail copies to the surety at his last known address.

### Sec. 209 Record on Appeal

Within five (5) days after a Petition for Review is filed in a civil case or a Notice of Appeal is filed in a criminal case, the Court Clerk shall certify and file with the Court of Appeals all papers comprising the record in the case.

### Sec. 210 Briefs and Memoranda

Within thirty (30) days after a Petition for Review is granted, or the Notice of Appeal is filed, or within such other time as the Court of Appeals allows, the appellant my file a written brief, memorandum or statement in support of his appeal. An original and one copy for each appellee shall be filed with the Court Clerk, who shall mail one copy, registered or certified mail, return receipt requested, to each appellee. The return receipt shall then be filed with the Court Clerk. The appellee shall have fifteen (15) days after receipt of the appellant's brief, memorandum or statement, or such other time as the Court of Appeals allows, within which to file an answer brief, memorandum or statement if he or she desires. An original and one copy for each appellant shall be filed with the Court Clerk, who shall mail one copy, registered or certified mail, return receipt requested, to each appellant. The return receipt shall be filed with the Court Clerk. No further briefs, memoranda or statements shall be allowed, without leave of Court of Appeals.

### Sec. 211 Oral Argument

The Court of Appeals may in its discretion assign civil cases for oral argument or may dispose of civil cases on the briefs without oral argument. The Court of Appeals shall assign all criminal cases for oral argument.

Exhibit 5
Page 47

## CHAPTER 3. JUDGES

### Sec. 301 Appointment

The ICSC Board of Directors shall appoint the Chief Judge, all Pro Tem Judges and Judges to the Court of Appeals of the Intertribal Court. Also, the ICSC Board of Directors shall hire all Administrative personnel of the ICSC.

### Sec. 302 Term

The Chief Judge of the ICSC shall hold office for a term of four (4) years and shall be eligible for reappointment. A Pro Tem Judge may be appointed on a temporary basis on such terms and conditions, as the ICSC Board of Directors shall establish in making the appointment. A person appointed to fill an existing vacancy created by the death, resignation, or removal for cause of a Chief Judge shall be appointed initially only for the unexpired portion of the term for which the appointment is made, and shall be eligible for reappointment.

### Sec. 303 Minimum Qualifications of Judges

To be eligible to serve as a ICSC Judge, a person must be thirty (30) years of age or older, be of good moral character, hold a higher standard of conduct and integrity, possess a high-school diploma or its equivalency, be capable of carrying out the duties of office, demonstrate knowledge of Indian Law, Federal Law, California Law, and never have been convicted of a felony offense. Indian preference in hiring will be applied to all qualified applicants.

### Sec. 304 Salary

The Chief Judge of the ICSC and any Pro Tem Judges shall be paid a salary to be determined by the ICSC Board of Directors.

### Sec. 305 Removal of a Judge

Upon written charges of specific misconduct, or physical or medical inability to carry out the duties of office, made by any member Tribe of the ICSC, ICSC staff, or Tribal member of a Tribe belonging to the ICSC, the ICSC Administrator shall initiate an investigation of charges, and if reasonably substantiated, begin proceedings to remove a Judge from office.

PART A.    Misconduct (as used in this Section shall mean)

9

Exhibit 5
Page 48

i.    Conviction of a felony or a misdemeanor involving dishonesty or acts offensive to the morals of the community; or

ii.    Abusive or clearly incompetent performance of duties in office; or

iii.    Continued failure to perform the duties of office, whether from illness, disability or otherwise.

PART B.    Removal Proceedings

The ICSC Board of Directors, by a majority vote, at a meeting at which a quorum is present, may direct that a Judge be suspended from duty for a period not to exceed twenty (20) days between the time charges are authorized and the date of hearing the charges. The ICSC Board of Directors may appoint a Pro Tem Judge to assume the Judge's duties pending the final decision by the ICSC Board of Directors on the charges filed against the Judge. A Judge subject to charges shall be given at least ten (10) days advance notice in writing of a hearing for the purpose of removal, and notice that he or she is entitled to representation. The written notice shall include an itemization of the charges and grounds for removal, which are to be considered. Such notice shall be served by registered or certified mail, or be delivered personally to the Judge.

The Judge shall be given an opportunity to present witnesses and documentary evidence, to make oral and/or written argument on his or her behalf, to cross-examine all other witnesses at the hearing and to be represented by counsel at his or her own expense.

Removal of a Judge shall be by an affirmative vote by secret ballot of two-thirds (2/3) of the members of the ICSC Board of Directors. The decision is not subject to appeal.

## Sec. 306 Disqualification

A Judge shall disqualify him/herself from any proceeding in which his/her impartiality might reasonably be questioned, in which he/she has any personal bias or prejudice concerning any party, in which he/she or a member of his/her immediate family might be a witness, has any interest, or has any personal knowledge of any disputed evidentiary facts concerning the

Exhibit 5
Page 49

proceedings, or has acted or is acting as a lawyer or lay counselor in the proceedings, or in which he might otherwise appear to be biased or prejudiced. As used in this Section, immediate family shall include spouses, grandparents, parents, children, grandchildren, brothers, sisters and in-laws.

### Sec. 307 Rules of the Court

The Chief Judge may prescribe written Rules of Court, consistent with the provisions of this Governing Agreement, including rules establishing the time and place of court sessions. The ICSC Board of Directors shall approve the ICSC Rules of Court before becoming effective. However, should this Governing Agreement or subsequent Rules of Court prescribed by the Judge conflict with Tribal codes, the Tribal codes will govern.

## CHAPER 4. COURT ADMNISTRATION

### Sec. 401 Office of the Court Clerk

The Court Administrator shall appoint a Court Clerk to be compensated at a rate fixed by the ICSC Board of Directors. The Court Clerk shall be subject to discharge with or without cause by ICSC Board of Directors.

### Sec. 402 Qualifications

To be eligible to serve as Court Clerk, a person:
  i.   Must be at least twenty-one (21) years of age.
  ii.  Must be of high moral character and integrity.
  iii. Must be a high school graduate or equivalent.
  iv.  Must be proficient in typing or keyboarding.
  v.   Must never have been convicted of a felony.
  vi.  Must be physically able to carry out the duties of the office.

### Sec. 403 Duties

The Court Clerk shall render assistance to the ICSC, to the authorized law enforcement officers of Tribal communities, and to the Tribal members of the Tribe's belonging to the ICSC in any documents incidental to the lawful functions of the Court Clerk. The Court Clerk shall attend, and keep written records of, all proceedings of the Court, administer oaths and collect fines, costs fee and other monies.

## CHAPTER 5. ATTORNEYS AND LAY CONSELORS

Exhibit 5
Page 50

**Sec. 501 Qualifications for Admission as Attorney or Lay Counselor Attorneys**

**Sec. 502 Attorney**

No person may practice as an attorney before the ICSC or the Court of Appeals unless admitted to practice and enrolled as an attorney of the ICSC upon written application and approval of the Chief Judge.  To be eligible to practice as an attorney before the ICSC, a person:

    i.    Must be a member in good standing of the bar in any State or Federal Court.

    ii.    Must be knowledgeable of the ICSC's Rules of Court and procedure, Tribal and Federal Indian Law.

    iii.    Must be of high moral character and integrity. The Chief Judge may make inquiry as to the attorney's qualifications before admitting the attorney.  Each individual wishing to be admitted to practice before the ICSC must be recommended by an individual already admitted provided that this requirement shall take effect once twenty (20) individuals have been admitted to practice.

**Sec. 503 Lay Counselors.**

    i.    Must be at least twenty-one (21) years of age.

    ii.    Must be of high moral character and integrity.

    iii.    Must have knowledge of the ICSC Rules of Court and Procedures, and of tribal Law, and Federal Indian Law.

    iv.    Must be a high school graduate or equivalent.

    v.    Must never have been convicted of a felony.

**Sec. 504 Roll of Attorneys and Lay Counselors**

A roll of attorneys and lay counselors admitted to practice before the ICSC shall be maintained by the Court Clerk.

**Sec. 505 Disbarment and Suspension**

Exhibit 5
Page 51

PART  A.  The ICSC may disbar an attorney or lay counselor from practice before the Court or impose suspension from practice for such time as the Court deems appropriate, pursuant to rules adopted by the Court, provided that the Court shall give such attorney or lay counselor reasonable prior notice of charges against her/him and an opportunity to respond to said charges.

PART  B.  Any person who is disbarred or suspended by the ICSC may appeal that determination to the Court of Appeals within fifteen (15) days of the disbarment or suspension.  The Court of Appeals shall request a statement of the reasons for the disbarment or suspension from the Chief Judge, and after receiving such statement shall review the record, which was before the Trial Court and may, in its discretion, hear oral argument by the applicant.  The Court of Appeals shall determine whether the applicant shall be disbarred or suspended and its determination shall be final.

PART  C.  Any person who is disbarred or suspended by a Judge of the Court of Appeals may appeal that determination to the Court of Appeals within (15) days of the disbarment or suspension. Those Judges of the Court shall determine the appeal not involved in the initial determination.  The Court of Appeals shall request a statement of the reasons for the disbarment or suspension from the Judge who took the initial action, and after receiving such statement shall review the record, which was before the Judge and may, in its discretion, hear oral argument by the applicant.  The Court of Appeals shall determine whether the applicant shall be disbarred or suspended and its determination shall be final.

PART  D.  Any person who has been disbarred or suspended may reapply for admission before the Court after (1) year of disbarment or suspension from practice of law before the ICSC.  The person must submit a statement of reasons for the disbarment or suspension, and the reasons for readmission.  After receiving such statement, the ICSC Board of Directors shall determine whether there is good cause for the applicant to be readmitted to practice before the

Exhibit 5
Page 52

We, the undersigned, as authorized representatives of the
Intertribal Court of Southern California and the Pala Band of Mission
Indians, do hereby approve this document.


For  Pala Band of Mission Indians    For  Intertribal Court of So. Cal.


Title  Chairman                      Title  Chief Judge


Name  Robert H. Smith                Name  Anthony J. Brandenburg


Signature  _____           Signature  Tony Brandenburg


Date  Jan. 23, 2005                   Date  January 23, 2005


Exhibit 5
Page 53

EXHIBIT 6



## Programs & Services

**Tribes**

- Barona
- Cahuilla
- Campo
- Chemehuevi
- Ewiiaapaayp
- Inaja
- Jamul
- La Jolla
- La Posta
- Los Coyotes
- Manzanita
- Mesa Grande
- Pala
- Pauma
- Rincon
- San Pasqual
- Santa Ysabel
- Sycuan
- Viejas

**About SCTCA**

**Links**

# Welcome

Welcome to the Southern California Tribal Chairmen's Associat website. Some of the links are being updated, so please come bac see what's new.

The Southern California Tribal Chairmen's Association (SCTCA) multi-service non-profit corporation established in 1972 for a cons 19 federally-recognized Indian tribes in Southern California. The r mission of SCTCA is to serve the health, welfare, safety, education cultural, economic and employment needs of its tribal members a enrolled Indians in the San Diego County urban areas. A board of comprised of tribal chairpersons from each of its member Tribes g SCTCA.

SCTCA coordinates and administers numerous grant programs members and the southern California Indian community, including Temporary Assistance to Needy Families(TANF), Law Enforcement Commodities, Information Technology Services, Rincon Communit Care, Adult Vocational Training, Career Development Center, Low Home Energy Assistance Program(LIHEAP), the Library Program, Development Services, Tribal Digital Village (TDV) and Resource F Program.



PROGRAMS & SERVICES | TRIBES | ABOUT SCTCA | LINKS | SITE MAP | CONTACT | HOME

Exhibit 6
Page 54

http://www.sctca.net/index.html                                   4/3/2008



Programs & Services

Tribes

About SCTCA

Links

# Intertribal Court

**"Empowerment through the effective administration of equal justice for all"**

A TRIBAL COURT SYSTEM SERVING THE NEED: NATIVE AMERICAN COMMUNITY

The overall purpose of the ICSC is to provide n of the Native American Community and their participating tribes v culturally sensitive Judicial Forum in which to present and resolve

The ICSC is an Intertribal Court System which works on a "Circuit format whereby a Judge travels from one Reservation to the next over assigned cases. Rulings are based on tribal laws, ordinances, and historical precedent. If needed the ICSC provides tribes and i tribal members with a judge, a Court Administrator, a Court Clerk and case management. Tribal Court hearings are held at their res Tribes' Reservations.

In addition to providing Tribes and Tribal Members with a full rang services, the Court also provides a free Lawyer Referral Service, a sponsored Alternative Dispute Resolution, including Arbitration an Mediation, Federal Indian Law 101, a Court Appointed Special Adv (CASA) Program, an American Indian Alcohol and Substance Abus Program, and the Southern California Tribal Bar Association.

For more information:
• ICSC BROCHURE

**365 W. 2nd Avenue, Suite 215**
**Escondido, CA 92025**
**Phone: 760-739-1470**
**Fax: 760-739-1472**
**E-mail: tribalcourt@sctdv.net**

Exhibit 6
Page 55

http://www.sctca.net/intertribalcourt.html    4/3/2008

# WHAT IS THE PURPOSE OF THE INTERTRIBAL COURT OF SOUTHERN CALIFORNIA?

The overall purpose of the ICSC is to provide members of the Native American Community and their participating tribes with a culturally sensitive Judicial Forum in which to present and resolve disputes.

The ICSC is an Intertribal Court System which works on a "Circuit Court" format whereby a Judge travels from one Reservation to the next presiding over assigned cases. Rulings are based on tribal laws, ordinances, customs and historical precedent. If needed the ICSC provides tribes and individual tribal members with a judge, a Court Administrator, a Court Clerk, a Bailiff and system of case management.

INTERTRIBAL COURT
OF
SOUTHERN CALIFORNIA

365 W. 2nd Avenue, Suite 215
Escondido, CA 92025

Phone: 760-739-1470       Fax: 760-739-1472

E-mail: tribalcourt@scdtv.net

# A TRIBAL COURT SYSTEM SERVING THE NEEDS OF THE NATIVE AMERICAN COMMUNITY



"Empowerment through the effective administration of equal justice for all"

Exhibit 6
Page 56

## What Types of Cases Will The Court Handle?

A partial list of the types of cases the Court will handle include:

- Indian Child Welfare Act Cases

- Environmental Issues and Regulations

- Housing

- Land Use and Trespass

- Civil Disputes (including employment and personal injuries)

- Contract Dispute

## Who Belongs To The ICSC?

Individual Tribes who wish to belong to ICSC, sign an Intertribal Governmental Agreement (IGA), which then allows both the Tribe and it's individual tribal members to utilize the Tribal Court and its related services.

Under the IGA, the Intertribal Court is governed by an independently appointed Board of Directors whose members are appointed by participating tribes. Include reviewing budgets, hiring staff and policy review.

## Why Do We Need An Intertribal Court System?

The ICSC offers an "independent judiciary" within Indian Country. Its purpose is to preserve the integrity, autonomy and sovereignty; of the Native American Communities it serves in a culturally sensitive and traditionally aware environment.

Local Tribes are in a period of rapidly changing political times and economic growth. Individual Tribal Councils are being called upon to do more than ever.

While they have traditionally served in part as quasi-judicial bodies, growth and time constraints, demand they enhance both the rights of the people within Indian Country and their individual Tribal Councils by providing them with and unbiased and independent method of dispute resolution.

## Additional Court Services Are Also Available...

Court sponsored Alternative Dispute Resolution (ADR) services is also available to participating tribal members and their tribal government agencies.

These programs include a free arbitration or mediation service. For those in need of legal services, a free Lawyer Referral program is lso currently available.



Exhibit 6
Page 57

Welcome

INTERTRIBAL COURT OF
SOUTHERN CALIFORNIA

**Welcome**

Tribal Court    Member Tribes    News Calendar

Other Court Services    About Us



Exhibit 6
Page 58

"Empowerment through the effective administration of equal justice for all"

The overall purpose of the ICSC is to provide members of the Native American community and their participating tribes with a cultural sensitive Judicial Forum in which to present and resolve disputes.

The ICSC is an Intertribal Court System, which works on a "circuit court" format whereby a Judge travels from one Reservation to the next presiding over assigned cases. Rulings are based on tribal laws, ordinances, customs and historical precedent. The ICSC provides court administration, court clerks, bailiffs, and case management. Tribal Court hearings are held at their respective Tribes' Reservations.

Exhibit 6
Page 59

http://www.icsc.us/Welcome.html

Welcome

In addition to providing Tribes and Tribal Members with a full range of court services, the Court also provides a free Lawyer Referral Service, a court sponsored Alternative Dispute Resolution, including Arbitration and Mediation, Federal Indian Law 101, a Court Appointed Special Advocate (CASA) Program, an American Indian Alcohol and Substance Abuse Program, and the Southern California Tribal Bar Association.

Our Administration Office is located at 365 West 2nd Ave, Suite 215, Escondido,CA 92025. Our office hours are Monday-Friday 8 a.m. to 4 p.m. Our phone number is 760-739-1470. Our fax number is 760-739-1472. Our email is tribalcourt@scdv.net.

Exhibit 6
Page 60

Welcome

http://www.icsc.us/Welcome.html

A Tribal Court System Serving the Native American Community



4/3/2008

Exhibit 6
Page 61

Welcome    **Tribal Court**    Member Tribes    News.Calendar

Other Court Services    About Us

# Intertribal Court of Southern California

Tribes are in a period of rapidly changing political times and economic growth. Tribal Councils are being called upon to do more than ever. While they have essentially served in part as quasi-judicial bodies, growth and pursuit of equality demand they enhance both the rights of the People within Indian Country and provide them with an unbiased and independent method of dispute resolution.

The ICSC is an "independent judiciary" within Indian Country. Its purpose is to preserve the integrity, autonomy and sovereignty, of the Native American communities it serves in a culturally sensitive and traditionally aware environment.



By signing the Intertribal Governing Agreement (IGA) and passing a tribal resolution, Tribes utilize the ICSC system and its related services. Under the IGA, the ICSC is governed by an independently appointed Board of Directors whose members are appointed by participating Tribes. Each Tribe appoints a Director to the Board. Board responsibilities include reviewing budgets, hiring staff, entering into MOAs, and policy review.

For more information on the Intertribal Court of Southern California, email tribalcourt@sctdv.net.

Exhibit 6
Page 62

http://www.icsc.us/Tribal%20Court.html    4/3/2008

Welcome    Tribal Court    **Member Tribes**    News.Calendar

Other Court Services    About Us

## Member Tribes

- Pala
- Pauma
- Rincon
- San Pasqual
- Jamul
- La Jolla
- Mesa Grande
- Santa Ysabel
- Manzinita

Exhibit 6
Page 63

# EXHIBIT 7

DAVIS, COWELL & BOWE, LLP

Counselors and Attorneys at Law

San Francisco

Washington, DC

Boston, MA

Clifton, NJ

McCracken, Stemerman & Holsberry

December 20, 2007

Pala Band of Mission Indians
12196 Pala Mission Road
Pala, CA 92059
Attn: Tribal Chairman Robert Smith

Re: UNITE HERE International Union v. Pala Band of Mission Indians

United States District Court
for the Southern District of California
Case No.: 07-cv-2312

Dear Chairman Smith:

Enclosed please find:

1. Notice of Lawsuit and Request for Waiver of Service of Summons;

2. Two copies of Waiver of Service of Summons;

3. Civil Cover Sheet;

4. Petition to Confirm Arbitration Award; and

5. A stamped, self-addressed envelope.

Thank you for your attention.

Sincerely,

Kristin L. Martin

KLM/rs
Enclosures

# EXHIBIT 8



LITTLER MENDELSON®

January 15, 2008

Theodore R. Scott
Direct: 619.515.1837
Direct Fax: 619.615.2261
tscott@littler.com

**VIA MAIL AND FACSIMILE**

Kristin L. Martin, Esq.
Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105

Re:    *UNITE HERE International Union's Lawsuit in the United States District Court*
    *To Confirm Arbitration Award Against Pala Band of Mission Indians*

Dear Ms. Martin:

I am writing to you on behalf of the Pala Band of Mission Indians ("Tribe") in response to your December 20, 2007 correspondence to Chairman Smith and the enclosures therewith.

Paragraph 20 of the Petition to Confirm Arbitration Award ("Petition") enclosed with your correspondence correctly quotes Section 13(d) of the Tribal Labor Relations Ordinance ("TLRO"), including the requirement that a motion to confirm an arbitration award rendered under the TLRO be filed in Tribal Court. However, the allegation in Paragraph 21 of the Petition that the Tribe does not have a court in which such a motion can be filed is incorrect. The Tribe is enrolled as a member of the Intertribal Court of Southern California. Furthermore, it is my understanding that the Union is well aware that the Tribe is a member of the Intertribal Court inasmuch as the Union has contacted officials with the Intertribal Court regarding the Tribe.

Given these circumstances, it is clear that the Intertribal Court would have jurisdiction over any motion to confirm the arbitrator's award upon which the Union's Petition is based. It is equally clear that the United States District Court does not. Accordingly, the Union should immediately file a notice of dismissal of the Petition with the District Court. Should the Union persist in pursuing its Petition before the District Court, the Tribe will respond by filing a motion to dismiss under the Federal Rules of Civil Procedure, and will also seek an award of attorney's fees and costs for being required to do so.

Exhibit 8
Page 65

Kristin L. Martin, Esq.
January 15, 2008
Page 2


Please do not hesitate to contact me should you wish to discuss this matter further.

Very truly yours,

Theodore R. Scott

TRS/rd
cc:      Pala Band of Mission Indians

Firmwide:84021666.2 055243.1000

Exhibit 8
Page 66

# EXHIBIT 9

# DA   , COWELL & BO   , LLP

### Counselors and Attorneys at Law

File No. UNITE5415

**San Francisco**

595 Market Street, Suite 1400
San Francisco, California 94105
415.597.7200
Fax 415.597.7201

Barry S. Jellison (CA)
Steven L. Stemerman (CA, NV)
Richard G. McCracken (CA, NV)
W. David Holsberry (CA, NV)
Elizabeth Ann Lawrence (CA, NV, AZ)
Andrew J. Kahn (CA, NV, AZ)
John J. Davis, Jr. (CA)
Florence E. Culp (CA, NV)
Michael T. Anderson (CA, NV, DC, MA)
Kristin L. Martin (CA, NV, HI)
Eric B. Myers (CA, NV)
Michael C. Hughes (CA)
Paul L. More (CA, NV)
Winfred Kao (CA, DC)
Sarah Varela (CA)

Robert P. Cowell (1931-1980)

of counsel:
Philip Paul Bowe (CA)
J. Thomas Bowen (CA, NV)
Mark Brooks (TN)

**Washington, DC**

1701 K Street, NW, Suite 210
Washington, DC 20006
202.223.2620
Fax 202.223.8651

George R. Murphy (DC)
Michael T. Anderson (DC, CA, MA, NV)
Mark Hanna (DC, VA, NJ, MI)
Arlus J. Stephens (DC, MD, OH, PA)
Joni S. Jacobs (DC, CA, NV, AZ)
Keira M. McNett (DC, CA)

**Boston, MA**

8 Beacon Street, 4th Floor
Boston, Massachusetts 02108
617.227.5720
Fax 617.227.5767

Michael T. Anderson (CA, NV, DC, MA)

**Clifton, NJ**

1389 Broad Street
Clifton, NJ 07013
973.916.0999
Fax 973.916.0906

Mark Hanna (DC, VA, NJ, MI)

**McCracken, Stemerman
& Holsberry**

1630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102
702.386.5107
Fax 702.386.9848

January 16, 2008

***Via Facsimile (619) 615-2261 and U.S. Mail***

Ted Scott
**LITTLER MENDELSON**
501 West Broadway, Suite 900
San Diego, CA 92101-3577

Dear Mr. Scott:

I write in response to your letter dated January 15, 2008. You are correct that I spoke with someone at the Intertribal Court. Through that conversation, I learned that I could not file a petition to confirm the arbitrator's award with either the Intertribal court or a Court governing the Pala Band of Mission Indians. Please feel free to contact me if you wish to discuss this matter further. Also, please let me know whether your client will waive service of the summons or if I should hire a process server.

Thank you for your attention.

Sincerely,

Kristin L. Martin

KLM:mm
cc:    Clients

Exhibit 9
Page 67

# EXHIBIT  10



**LITTLER MENDELSON** ®

A PROFESSIONAL CORPORATION

<div style="float:right">

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

</div>

February 1, 2008

Theodore R. Scott
Direct: 619.515.1837
Direct Fax: 619.615.2261
tscott@littler.com

**VIA MAIL AND FACSIMILE**

Kristin L. Martin, Esq.
Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105

Re:   *UNITE HERE International Union's Lawsuit in the United States District Court*
      *To Confirm Arbitration Award Against Pala Band of Mission Indians*

Dear Ms. Martin:

This is in response to your January 16, 2008 correspondence.

Apparently you were misinformed. The Intertribal Court of Southern California has jurisdiction over any action seeking to confirm an arbitration award issued pursuant to the Tribal Labor Relations Ordinance and involving the Pala Band of Mission Indians. Accordingly, the Intertribal Court is the appropriate court in which to filed a motion to confirm the arbitration award issued in AAA #73 390 00371 06 (which award is the only award issued under the TLRO involving Pala). I again urge you to file a notice of dismissal of the petition filed with the District Court (Case No. 07 CV 2313 W (AJB)), as the District Court may not properly assert jurisdiction over the petition. I also again advise you that if the Union persists in pursuing its petition before the District Court, the Tribe will respond by filing a motion to dismiss under the Federal Rules of Civil Procedure, and will also seek an award of attorney's fees and costs for being required to do so.

Finally, given these circumstances there is no need for me to respond to your inquiry concerning service of a District Court summons.

Very truly yours,

T. Scott /rd

Theodore R. Scott

TRS/rd
cc:   Pala Band of Mission Indians

Exhibit 10
Page 68

Firmwide:84208584.1 055243.1000

EXHIBIT  11

# DAVIS, COWELL & BOWE, LLP

### Counselors and Attorneys at Law

**San Francisco**

595 Market Street, Suite 1400
San Francisco, California 94105
415.597.7200
Fax 415.597.7201

Harry S. Jelison (CA)
Steven L. Stemerman (CA, NV)
Richard G. McCracken (CA, NV)
W. David Holsberry (CA, NV, AZ)
Elizabeth Ann Lawrence (CA, NV, AZ)
Andrew J. Kahn (CA, NV, AZ)
John J. Davis, Jr (CA)
Florence E. Culp (CA, NV)
Michael T. Anderson (CA, NV, DC, MA)
Kristin L. Martin (CA, NV, HI)
Eric B. Myers (CA, NV)
Michael C. Hughes (CA)
Paul L. More (CA, NV)
Winifred Kao (CA, DC)
Sarah Varela (CA)

Robert P. Cowell (1951-1980)

Of Counsel:
Philip Paul Bowe (CA)
J. Thomas Bowen (CA, NV)
Mark Brooks (TN)

**Washington, DC**

1701 K Street, NW, Suite 210
Washington, DC 20006
202.223.2620
Fax 202.223.8651

George R. Murphy (DC)
Michael T. Anderson (DC, CA, MA, NV)
Mark Hanna (DC, VA, MD, PA)
Arlus J. Stephens (DC, MD, OH, PA)
Joni S. Jacobs (DC, CA, NV, AZ)
Keira M. McNett (DC, CA)

**Boston, MA**

8 Beacon Street, 4th Floor
Boston, Massachusetts 02108
617.227.5720
Fax 617.227.5767

Michael T. Anderson (CA, NV, DC, MA)

**Clifton, NJ**

1389 Broad Street
Clifton, NJ 07013
973.916.0999
Fax 973.916.0906

Mark Hanna (DC, VA, NJ, MD)

**McCracken, Stemerman & Holsberry**

630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102
702.386.5107
Fax 702.386.9848

February 5, 2008

*Via Facsimile and
United States Mail*

Theodore R. Scott
Littler Mendelson
501 W. Broadway, Suite 900
San Diego, CA 92101-3577

Re:   UNITE HERE and Pala Band of Mission Indians
      Arbitration Award

Dear Mr. Scott:

I write in response to your letter dated February 1, 2008. I cannot accept your unsubstantiated representation that the Intertribal Court of Southern California has jurisdiction over any action seeking to confirm an arbitration award issued pursuant to the Tribal Labor Relations Ordinance and involving the Pala Band of Mission Indians. It conflicts with what I was told by the Court's representatives before filing this case. If you would like me to consider your position further, please provide documents reflecting or relating to the Court's jurisdiction, and the Court's procedural rules and rules of practice. Please also provide me with documents showing when any documents that you send were created.

Thank you for your attention.

Sincerely,

Kristin L. Martin

KLM/rs
unite5415

Exhibit 11
Page 69

# EXHIBIT  12



**LITTLER MENDELSON** ®

A PROFESSIONAL CORPORATION

February 22, 2008

Theodore R. Scott
Direct: 619.515.1837
Direct Fax: 619.615.2261
tscott@littler.com

**VIA MAIL AND FACSIMILE**

Kristin L. Martin, Esq.
Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, CA  94105

Re:    *Petition to Confirm Cubias Arbitration Award*

Dear Ms. Martin:

This is in response to your February 5, 2008 correspondence.

It is unfortunate that you have chosen to question the accuracy of the statements in my February 1 letter.  So be it.  Pursuant to your request enclosed please find the following:

1. Bylaws of Southern California Indian Law and Justice Center

2. Intertribal Court of Southern California Governing Agreement

3. Approval of the Governing Agreement referenced in Item 2

4. Intertribal Court of Southern California Code of Civil Procedure and Rules of Court

5. Resolution 11-03

I have no idea when these documents were created, but I suspect it was in or around the dates shown on the documents.

I am also enclosing an Application to Practice Law Before the Intertribal Court of Southern California and the referenced Rules for Admission to Practice Law Before the Intertribal Court of Southern California.  If the Union wishes to pursue its petition to confirm the Cubias award, I suggest you apply for admission to practice before the Intertribal Court and then file your petition in that Court.  I also again urge you to file a notice of dismissal of the petition filed with the United States District Court (Case No. 07 CV 2313 W (AJB)), as the District Court may not properly assert jurisdiction over the petition.

Exhibit 12
Page 70

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

Kristin L. Martin, Esq.
February 22, 2008
Page 2

This will also confirm that by providing these documents Pala is not conceding that it has any legal or contractual obligation to do so.

Very truly yours,

*Theodore R. Scott /,c*

Theodore R. Scott

TRS/rd
cc:    Pala Band of Mission Indians
Firmwide:84353877.1 055243.1007

Exhibit 12
Page 71

# EXHIBIT  13

# DA        ,  C O W E L L  &  B O        ,  L L P

### Counselors and Attorneys at Law

**San Francisco**

595 Market Street, Suite 1400
San Francisco, California 94105
415.597.7200
Fax 415.597.7201

Barry S. Jellison (CA)
Steven L. Stemerman (CA, NV)
Richard G. McCracken (CA, NV)
W. David Holsberry (CA, NV)
Elizabeth Ann Lawrence (CA, NV, AZ)
Andrew J. Kahn (CA, NV, AZ)
John J. Davis, Jr. (CA)
Florence E. Culp (CA, NV)
Michael T. Anderson (CA, NV, DC, MA)
Kristin L. Martin (CA, NV, HI)
Eric B. Myers (CA)
Michael C. Hughes (CA)
Paul L. More (CA, NV)
Winifred Kao (CA, DC)
Sarah Varela (CA)

Robert P. Cowell (1931-1980)

of counsel:
Philip Paul Bowe (CA)
J. Thomas Bowen (CA, NV)
Mark Brooks (TN)

**Washington, DC**

1701 K Street, NW, Suite 210
Washington, DC 20006
202.223.2620
Fax 202.223.8651

George R. Murphy (DC)
Michael T. Anderson (DC, CA, MA, NV)
Mark Hanna (DC, VA, NJ, MI)
Arlus J. Stephens (DC, MD, OH, PA)
Joni S. Jacobs (DC, CA, NV, AZ)
Keira M. McNett (DC, CA)

**Boston, MA**

8 Beacon Street, 4th Floor
Boston, Massachusetts 02108
617.227.5720
Fax 617.227.5767

Michael T. Anderson (CA, NV, DC, MA)

**Clifton, NJ**

1389 Broad Street
Clifton, NJ 07013
973.916.0999
Fax 973.916.0906

Mark Hanna (DC, VA, NJ, MI)

**McCracken, Stemerman & Holsberry**

1630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102
702.386.5107
Fax 702.386.9848

March 10, 2008

Theodore R. Scott
Littler Mendelson
501 W. Broadway, Suite 900
San Diego, CA 92101-3577

Re:    UNITE HERE and Pala Band of Mission Indians

Dear Mr. Scott:

Enclosed please find the proof of service that was filed in this case. Your client is in default. Please let me know if you would like an extension of time to answer the petition, or if you plan to answer at all.

I have now reviewed the documents that you sent to me by letter dated February 22, 2008. Please excuse the delay, as I was out of town. The records conflict in several important ways with what I was told by a representative of the Intertribal Court of Southern California. Are there any records, rules, or decisions of the Court that are available to the public? If so, please tell me what is available and where these documents are available. Also, please provide me a list of members of the bar of the Intertribal Court so that I may apply for membership.

Thank you for your attention.

Sincerely,

Kristin L. Martin

KLM/rs
Enclosure
unite5415

Exhibit 13
Page 72

DAVIS, COWELL & BOWE, LLP
595 MARKET STREET, SUITE 1400
SAN FRANCISCO, CA 94105
Telephone: (415) 597-7200
Fax:       (415) 597-7201

# UNITED STATES DISTRICT COURT
## SOUTHERN ~~CENTRAL~~ DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITE HERE International Union, | | **CASE NUMBER:** |
| | **Plaintiff(s)** | 07-CV-2312 W AJB |
| v. | | |
| PALA BAND OF MISSION INDIANS, | | **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |
| | **Defendant(s)** | |

1.  At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the (*specify documents*):

   a.  ☒ summons   ☐ complaint   ☐ alias summons   ☐ first amended complaint
   ☐ second amended complaint
   ☐ third amended complaint

   ☒ other (*specify*): PETITION TO CONFIRM ARBITRATION AWARD, CIVIL COVER SHEET

2.  **Person served:**

   a.  ☒ Defendant (*name*): PALA BAND OF MISSION INDIANS
   b.  ☒ Other (*specify name and title or relationship to the party/business named*):
      CYNTHIA CROSS, ADMINISTRATIVE ASSISTANT, AUTHORIZED TO ACCEPT SERVICE
   c.  ☒ Address where papers were served: 11196 PALA MISSION ROAD, PALA, CA

3.  **Manner of Service** in compliance with (*the appropriate box **must** be checked*):

   a.  ☒ Federal Rules of Civil Procedure
   b.  ☐ California Code of Civil Procedure

4.  **I served** the person named in Item 2:

   a.  ☐ By **Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1.  ☐ Papers were served on (*date*): _____ at (*time*): _____

   b.  ☒ By **Substituted service.** By leaving copies:

      1.  ☐ (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

      2.  ☒ (business) or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.

      3.  ☒ Papers were served on (*date*): 2/7/08 _____ at (*time*): 10:15 A.M.

      4.  ☒ by **mailing** (*by first-class mail, postage prepaid*) copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

      5.  ☒ papers were mailed on (*date*): 2/7/08

      6.  ☒ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

CV-1 (04/01)

Exhibit 13
Page 73

PAGE 1

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

   a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service: *(date)*: ___ __ _____ at *(time)*: _____

   b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

   c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:
   BRUCE MORGAN
   SAFARI EXPRESS
   33471-C WINSTON WAY
   TEMECULA, CA 92592
   (951) 303-1338

   a. Fee for service: $ 165.00

   b. ☐ Not a registered California process server

   c. ☐ Exempt from registration under B&P 22350(b)

   d. ☒ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: **2/10/08**

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

# EXHIBIT  14



March 14, 2008

Theodore R. Scott
Direct: 619.515.1837
Direct Fax: 619.615.2261
tscott@littler.com

**VIA MAIL AND FACSIMILE**

Kristin L. Martin, Esq.
Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, CA 94105

Re:     *UNITE HERE International Union v. Pala Band of Mission Indians*
        U.S. District Court (Southern District) Case No.: 07 CV 2312 W AJB

Dear Ms. Martin:

This will confirm our telephone conversation at approximately 3:15 p.m. today.

I requested that the Union re-file its petition to confirm the Cubias arbitration award with the Intertribal Court of Southern California so that both the Union and Pala can avoid the expense of litigating before the District Court whether the petition is required to be filed as an initial matter with the Intertribal Court. You would not agree to this request, but did agree to extend until April 4, 2008 the date by which Pala may respond to the petition in the District Court.

Please contact me should you re-consider your refusal to re-file the petition in the Intertribal Court. As you have been previously advised, Pala will seek attorneys fees and costs if it is required to initially respond to the petition in the District Court instead of in the Intertribal Court.

Please do not hesitate to contact me should you wish to discuss this matter further.

Very truly yours,

*Theodore R. Scott*

Theodore R. Scott

TRS/llc
cc:     Pala Band of Mission Indians
Firmwide:84590507.1 055243.1007

Exhibit 14
Page 75

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
501 West Broadway, Suite 900, San Diego, California 92101.3577 Tel: 619.232.0441 Fax: 619.232.4302 www.littler.com