Kristin L. Martin, #206528
DAVIS, COWELL & BOWE, LLP
595 Market Street, Suite 1400
San Francisco, California 94105
Phone: (415) 597-7200
Facsimile: (415) 597-7201
Email: klm@dcbsf.com

Attorneys for Petitioner
UNITE HERE International Union

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE International Union,<br><br>    Petitioner,<br><br>    v.<br><br>PALA BAND OF MISSION INDIANS,<br><br>    Respondent. | CASE NO. 07-CV-2312 W (AJB)<br><br>**DECLARATION OF<br>KRISTIN L. MARTIN<br>IN SUPPORT OF OPPOSITION TO<br>MOTION TO DISMISS**<br><br>Judge:    Thomas J. Whelan<br>Date:     10:30 a.m.<br>Time:    May 19, 2008 |

I, Kristin L. Martin, declare:

1. I am a member in good standing of the State Bar of California and am licensed to practice law before all courts in the State of California. I represent UNITE HERE International Union ("UNITE HERE") in this case. I have personal knowledge of the following facts and if called as a witness, I could and would testify competently thereto.

2. On November 1, 2007, I called the Intertribal Court of Southern California ("Intertribal Court") to find out if and how I could file a petition to confirm an arbitration award in that court. I spoke with Temet Aguilar. Mr. Aguilar identified himself as the Court Administrator for the Intertribal Court.

/ / /

/ / /

Declaration of Kristin L. Martin in Support
of Opposition to Motion to Dismiss           1           Case No. 07-CV-2312 W (AJB)

3. I told Mr. Aguilar that I wanted to file a petition to confirm an arbitration award issued in an arbitration proceeding involving the Pala Band of Mission Indians ("Pala Band"), and asked how to do so. Mr. Aguilar told me that the Pala Band was a member of the Intertribal Court, but the Intertribal Court is not actually a court. Mr. Aguilar explained that the Intertribal Court performs centralized administrative functions for each member tribe, but that each tribe has its own court.

4. I asked Mr. Aguilar for copies of the Pala Band's rules about procedure and practicing in its court. Mr. Aguilar told me that there are no such rules that are available to the public.

5. I asked Mr. Aguilar how I could file a case before the Pala Band's court. Mr. Aguilar responded that not all cases could be filed before the Pala Band's court because it is a court of limited jurisdiction. I asked Mr. Aguilar how I could find out the Pala Band court's jurisdiction. Mr. Aguilar told me that the court's jurisdiction is not available to the public.

6. I continued to ask Mr. Aguilar for information about the Pala Band's court that would enable me to file UNITE HERE's petition to confirm the arbitration award in the Pala Band's court. Mr. Aguilar did not provide any information. The conversation concluded when Mr. Aguilar agreed to fax me a Tribal Court Intake Review Form. Later that day, I received a two-page fax from the Intertribal Court. A true and correct copy of the fax is attached hereto as Exhibit A. The form states that "[t]he response provided herein is not meant to be a determination of your case or controversy not is it a court order. For additional information regarding your matter please consult our attorney referral service or an Attorney of your choice."

7. In March 10, 2008, I sent a letter to Ted Scott, Counsel for the Pala Band of Mission Indians in this matter. A true and correct copy of that letter is attached hereto as Exhibit B. In that letter, I asked him for records, rules and decisions of the Intertribal Court

1  of Southern California that are available to the public.  I also requested a list of members of
2  the bar of the Intertribal Court so that I could apply for membership.  I repeated this request
3  when I spoke to Mr. Scott by phone on about March 14, 2008.  To date, I have not received
4  a response.
5    8.  I have reviewed the website for the Intertribal Court which is available at
6  http://www.icsc.us/Welcome.html.  The Intertribal Court's website does not contain any
7  rules, records or decisions of the Intertribal Court or any of its member tribes' courts.  It
8  does contain any information about how to file a case in the Intertribal Court or any of the
9  member tribes' courts.  It does not contain any information about the bar of the Intertribal
10 Court, how to become a member of that bar, or the names of attorneys who are members of
11 that bar.
12    9.  Four other disputes have been arbitrated under the Tribal Labor Relations
13 Ordinance, that is part of the Tribal-State Gaming Compact between the State of California
14 and Indian tribes, including the Pala Band.  In each of these cases, the parties to the
15 arbitration proceeding were UNITE HERE (formerly known as Hotel Employees and
16 Restaurant Employees International Union) and an Indian tribe.  My law firm represented
17 UNITE HERE in each of those cases.  The State of California did not participate in the
18 arbitration proceedings.  None of the Tribes argued that the State's participation was
19 required.  True and correct copies of those four arbitration awards are attached hereto a
20 Exhibits C to F.
21    10.  I received a letter dated February 22, 2008 and attached documents from Ted
22 Scott, counsel for the Pala Band.  A true and correct copy of that letter without the attached
23 documents is attached hereto as Exhibit G.  The second document that was attached to the
24 February 22, 2008 letter and described as "Intertribal Court of Southern California
25 Governing Agreement" is the same document that is attached as Exhibit 2 to Respondent's
26 Notice of Lodgement of Exhibits

Declaration of Kristin L. Martin in Support
of Opposition to Motion to Dismiss            3            Case No. 07-CV-2312 W (AJB)

1  and described as "Intertribal Court of Southern California – Governing Agreement
2  (current)."
3     11.  Discovery may uncover evidence that the parties who drafted and negotiated the
4  Gaming Compact, including the TLRO, intended that unions could enforce the TLRO's
5  provisions through arbitration and enforcement of arbitration awards in court.  Discovery
6  may uncover evidence that the Pala Band did not have a functioning court in December
7  2007 in which UNITE HERE could have filed this case and obtained a decision within
8  ninety days.
9     I declare under penalty of perjury of the laws of the United States that the foregoing
10 is true and correct.
11    Executed this 4TH day of May 2008 at San Francisco, California.

_____
KRISTIN L. MARTIN

50/C:\DCB\KLM\PALA KLM Opp to Mot to Dismiss Decl.wpd
4/29/2008/15:32:00 UNITE 5415

Declaration of Kristin L. Martin in Support
of Opposition to Motion to Dismiss         4          Case No. 07-CV-2312 W (AJB)

CERTIFICATE OF SERVICE
STATE OF CALIFORNIA, COUNTY AND CITY OF SAN FRANCISCO

On May 5, 2008, I caused to be served the foregoing:

1) PETITIONER UNITE HERE INTERNATIONAL UNION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS; REQUEST FOR RULE 56(f) CONTINUANCE and
2) DECLARATION OF KRISTIN L. MARTIN IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

true and correct copies addressed as follows:

Theodore R. Scott
Littler Mendelson
501 West Broadway, Suite 900
San Diego, California 92101-3577

Respondent

[ x ]    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice, I deposited in a box or other facility regularly maintained by UNITED STATES POSTAL SERVICE, first-class postage fully prepaid thereon.

[ X ]    (BY ECF FILING) The undersigned hereby certifies that true and correct copies of the following document(s) were served electronically through the Southern District of California (San Diego) ECF system on May 5, 2008.

[  ]    (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

[  ]    (BY FAX) At _____ _m., I transmitted, pursuant to Rules 2001 et. seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 597-7201 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

Executed on May 5, 2008, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Reiko Ross