THEODORE R. SCOTT, Bar No. 108849
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.515.1837
Facsimile: 619.615.2261

Attorneys for Respondent
PALA BAND OF MISSION INDIANS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE International Union,<br><br>Petitioner,<br><br>v.<br><br>PALA BAND OF MISSION INDIANS,<br><br>Respondent. | Case No. 07-CV-2312 W (AJB)<br><br>**RESPONDENT PALA BAND OF MISSION INDIANS' REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Judge: Thomas J. Whelan<br>Ctrm: 7<br>Date: May 19, 2008<br>Time: 10:30 a.m.<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE]** |

Respondent PALA BAND OF MISSION INDIANS ("Pala Tribe") hereby replies to Petitioner UNITE HERE International Union's ("Union") opposition to the Pala Tribe's motion to dismiss the Union's Petition to Confirm Arbitration Award pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or (6).

## I.
## SUMMARY OF REPLY

As an initial matter, the Pala Tribe does not seek to avoid the underlying arbitration award. The Pala Tribe recognizes that the award is binding on it, has never contended that the award is invalid, and will stipulate to an order confirming the award if a petition seeking confirmation is

1  filed in the Intertribal Court of Southern California, the proper tribunal to assert jurisdiction over the Union's petition. However, the Pala Tribe cannot allow its sovereign status and the terms of the Tribal-State Gaming Compact between the Tribe and the State of California ("Gaming Compact") to be eroded by the Union's filing of its petition with this Court.

The Union has also failed to establish that this Court has subject matter jurisdiction over the petition. Relying on the Ninth Circuit's opinion in *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050 (9th Cir. 2001) ("*Cabazon Band*"), the Union argues that the Court has jurisdiction over suits to enforce State-Tribal gaming compacts entered into under the authority of the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 et seq., and therefore may assert subject matter jurisdiction over its petition to confirm an arbitration award. This argument fails for two fundamental reasons. First, the Union has merely filed a petition to confirm an arbitration award; the Union's petition does not allege a violation of either IGRA or a State-Tribal gaming compact, as was the case in *Cabazon Band*. Second, the complaint in *Cabazon Band* was brought by several Indian Tribes against the State of California, the actual parties to the State-Tribal gaming compacts that the Tribes were directly seeking to enforce in that case. Here, the Union is not now and never has been a party to the Gaming Compact, and resolution of the Union's petition to confirm the arbitration award does not turn on resolution of a substantial question of federal law.

The Union misconstrues the Pala Tribe's argument that the Union has no right as a private party to bring a claim for violation of IGRA or the Gaming Compact. It is recognized that both Indian Tribes and State governments may sue in federal court to enforce IGRA or a gaming compact to which they are signatory. However, Ninth Circuit law is clear that a non-governmental private party cannot bring an action to enforce IGRA, and there is no legal support for the Union's contention that this Court can assert jurisdiction over an action brought to enforce a Tribal-State compact by a non-governmental entity that is not a party to the compact. The Union cannot point to any case that is to the contrary, and its argument that the Union can properly invoke this Court's jurisdiction under the Gaming Compact even if it cannot bring a direct challenge under IGRA totally undermines its claim of federal jurisdiction under *Cabazon Band*.

////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85153796.1 055243.1007        2.        Case No. 07-CV-2312 W (AJB)

The Union's argument that the Pala Tribe waived its sovereign immunity before *this* Court by entering into an agreement to arbitrate with the State of California is belied by the fact that the waiver of sovereign immunity expressly provided for in the TLRO applies only to a petition to compel filed in *state* court. The Union's reliance on arbitration decisions involving other Indian Tribes and the Union in support of its waiver claim is similarly misplaced because the issue before this Court is whether the federal court has subject matter jurisdiction over a petition to confirm an arbitration award, not whether the TLRO requires the Pala Tribe to arbitrate with the Union.

Finally, the Union cannot justify its refusal to file its petition with the Intertribal Court of Southern California, as is required by the TLRO. By requiring that a petition to confirm an arbitration award be filed in tribal court in the first instance, the TLRO recognizes and respects the sovereign interests of the Indian Tribes who are signatory to gaming compacts with the State of California. By dismissing this requirement, the Union disrespects both the language of the TLRO and the Pala Tribe's sovereign status. The Union's statement that "UNITE HERE attempted to file this case in the Intertribal Court but was denied access to that forum" (Opposition, p. 15/ll. 10-11) is not supported by the record and is contrary to the undisputed fact that the Union refused to invoke the Intertribal Court's jurisdiction even after it was repeatedly advised that the Intertribal Court would take jurisdiction over its petition.

## II.
## REPLY TO THE UNION'S OPPOSITION

**A.   The Union's "Statement of Facts" Is Misleading**

The Union's opposition asserts that the Pala Tribe does not respect the commitments it made by entering into the Gaming Compact with the State of California and has ignored the arbitration award it seeks to confirm. The Union's assertions are false. The Pala Tribe readily acknowledges that it is bound to the provisions of the Gaming Compact, including the provisions of the TLRO that are included in the Compact. Indeed, the Pala Tribe's respect for and commitment to the Gaming Compact and its dispute resolution provisions are illustrated by the fact that the Pala Tribe arbitrated the dispute that resulted in the arbitration award that the Union seeks to confirm before this Court, has recognized the Union as the collective bargaining representative of its

employees pursuant to the terms of the TLRO, and has entered into a collective bargaining agreement with the Union covering those employees. Moreover, and importantly, the Pala Tribe has never taken the position that the arbitrator exceeded her authority in issuing her award, that the award is otherwise invalid, or that the Pala Tribe is free to ignore the award. In fact, the Pala Tribe will stipulate to an order confirming the award if a petition seeking confirmation is filed in the Intertribal Court of Southern California, the proper tribunal to assert jurisdiction over the Union's petition.[1]

However, the Pala Tribe believes that due respect for the limited jurisdiction of the federal courts must be maintained. The Pala Tribe also believes that if it does not take all necessary steps to protect its sovereign status, that status is at significant risk of being eroded if not altogether eliminated. These are the reasons why the Pala Tribe has filed its motion to dismiss the Union's petition. The Court should not be misled by the Union's false attack on the integrity of the Pala Tribe.

**B.   The Union's Petition Does Not Seek To Enforce Either IGRA Or The Gaming Compact**

The crux of the Union's argument in support of federal question jurisdiction over its petition to confirm the arbitration award is its claim that the federal courts have federal question jurisdiction over all actions to enforce IGRA gaming compacts. Opposition, pp. 6-8. The problem with the Union's argument is that the Union is not seeking to enforce the Gaming Compact, it merely wants an order confirming an arbitration award. As explained in the Pala Tribe's initial motion papers, an order confirming the arbitration award will not require this Court to interpret and apply either IGRA or the Gaming Compact, and the Union's petition therefore does not "arise under" federal law as required by 28 U.S.C. § 1331. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 1110 (1998) [a claim "arises under" federal law for the purposes of Section 1331 jurisdiction only where "the right of the petitioners to recover under their complaint

---

[1] The Pala Tribe does deny that it has violated the arbitrator's award by any of its subsequent conduct. However, this simply shows that the Union and the Pala Tribe have different interpretations of the arbitrator's award and the incidents alleged in paragraphs 17 and 18 of the petition.

will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another"]; *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983) [a case "arises under" federal law only if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"]; see also Pala Tribe MPA, pp. 6-7.[2] The Union's reply fails to address this law in its opposition; however, it is this law that requires dismissal of the petition for lack of subject matter jurisdiction.

The actual facts and holding in *Cabazon Band* support the Pala Tribe's contention. In *Cabazon Band*, the plaintiff tribes directly sought enforcement of their gaming compacts in an action filed against the State of California. 124 F.3d at 1054-1055. As stated by the Ninth Circuit, "we must determine whether the district court had subject matter jurisdiction over the Bands' action to enforce the Compacts," then expressly held that a "claim ***to enforce the Compacts*** arises under federal law." Id. at 1056 (emphasis added). As explained above and in the Pala Tribe's MPA, a petition to confirm an arbitration award is simply not equivalent to an action to enforce a federal statute or a gaming compact.

Similarly without merit is the Union's attempt to distinguish *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945 (9th Cir. 2004), extensively discussed in the Pala Tribe's MPA at pages 7-9. As shown by *Peabody Coal*, a motion to compel arbitration of a dispute arising under an agreement authorized by federal statute and approved by federal officials does not raise a "substantial question of federal law" as required to create federal question jurisdiction under Section 1331. The Union falsely states that the Pala Band relies "exclusively" on *Peabody Coal* in support of its argument that this Court does not have subject matter jurisdiction over the Union's petition, and asserts that *Peabody Coal* should be ignored because it did not involve a gaming compact. Opposition, pp. 8-9. However, the principles of *Peabody Coal* are directly applicable. Here the Union's petition does not challenge the validity of the TLRO, the Gaming Compact or the IGRA. The Union only seeks to confirm an arbitration award. Under *Peabody Coal*, the fact that the

---

[2] "MPA" shall refer to Respondent Pala Tribe's April 4, 2008 Memorandum of Points and Authorities filed in support of its motion to dismiss.

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85153796.1 055243.1007         5.         Case No. 07-CV-2312 W (AJB)

arbitration procedure that resulted in the award is contained within a gaming compact between the State of California and the Pala Tribe that has been approved by the federal government does not create subject matter jurisdiction under Section 1331. And because this Court does not have subject matter jurisdiction over the Union's petition to confirm the arbitration award because it does not involve a substantial question of federal law under IGRA of the Gaming Compact, there is no foundation for the Union's argument that the Federal Arbitration Act creates an additional source of subject matter jurisdiction

C.  **The Union Is Not A Party To The Gaming Compact And Cannot Enforce Its Provisions**

Even if the Union's petition could be construed as an action to enforce the Gaming Compact, the petition still must be dismissed. As shown in the Pala Tribe's MPA, only an Indian Tribe or a State that is signatory to a Tribal-State gaming compact can bring a federal court complaint to enforce the compact. MPA, pp. 9-11. In response, the Union acknowledge that the Union cannot bring a complaint to enforce IGRA and admits that is not attempting to do so. Nevertheless, the Union argues that the Union is entitled to bring a private claim to enforce the Gaming Compact between the Pala Tribe and the State of California because "[i]f there were not a private cause of action to enforce the terms of an IGRA Compact, then the plaintiffs in *Cabazon* would not have had any cause of action." Opposition, pp. 9-11.

The Union misses the key distinction between an enforcement action brought by the actual signatories to a gaming compact, and an action brought by a third party such as the Union. The reason why the plaintiffs in *Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256 (9th Cir. 2000), could not bring a claim to enforce IGRA was because they were not a recognized Indian Tribe. The reason why the Indian Tribes in *Cabazon Band* were permitted to bring an action to enforce their gaming compacts with the State was because they were parties to those agreements. The Union has cited no authority in which a federal court allowed a third party such as the Union to bring a suit in federal court to enforce a Tribal-State gaming compact, and the district court in *Dewberry v. Kulongoski*, 406 F.Supp. 1136, 1146 (D. Or. 2005), found that no such action may be maintained. While the Union may be correct that permitting suits to enforce Tribal-State compacts "is consistent with the general scheme of IGRA," it is equally clear that IGRA's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

FIRMWIDE:85153796.1 055243.1007          6.          Case No. 07-CV-2312 W (AJB)

"scheme" only permits enforcement by States, Indian Tribes and the federal government. Nowhere does the IGRA permit a private party to bring an action in federal court to confirm an arbitration award issued after an arbitration process included in a Tribal-State gaming compact, and *Cabazon Band* does not suggest otherwise. The Union's contention that it may bring an action in federal court to enforce a gaming compact to which it is not a party even though it has no right to bring an action under IGRA, the authority under which the gaming compact was created, makes no sense as a matter of logic and is not supported by the law.

D. **The Language Of The TLRO Confirms That The Pala Tribe Has Not Waived Its Sovereign Immunity Before This Court**

Relying on *C&L Enterprises, Inc. v Citizen Band of Potawatami Indian Tribe*, 532 U.S. 411 (2001), and *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656 (7th Cir. 1996), the Union argues that the Pala Tribe waived its sovereign immunity before *this* Court by agreeing to the TLRO's arbitration provisions. However, neither of the cases relied on by the Union are applicable. In both *C&L* and *Sokaogon Gaming*, the arbitration clauses in the underlying contracts expressly provided that any award could be enforced "in any court having jurisdiction thereof." *C&L*, at 419; *Sokaogon Gaming*, 86 F.3d at 659. Here, the TLRO expressly provides that the Pala Tribe has waived its sovereign immunity only with respect to a petition to confirm an arbitration award brought it **state** court. Section 13(d) of the TLRO provides in its entirety as follows:

> (d) Under the third level of binding dispute resolution, either party may seek a motion to compel arbitration or a motion to confirm an arbitration award in Tribal Court, which may be appealed to federal court. If the Tribal Court does not render its decision within 90 days, or in the event there is no Tribal Court, the matter may proceed directly to federal court. **In the event the federal court declines jurisdiction, the tribe agrees to a limited waiver of its sovereign immunity for the sole purpose of compelling arbitration or confirming an arbitration award issued pursuant to the Ordinance in the appropriate state superior court.** The parties are free to put at issue whether or not the arbitration award exceeds the authority of the Tribal Labor Panel.

PX A, p. 18 (emphasis added).

////

Thus, it is clear that when the State and the Pala Tribe intended a waiver of the Pala Tribe's sovereign immunity in a proceeding to confirm an arbitration award, they did so expressly. The express waiver in the TLRO specifically applies to "the appropriate state court." No such waiver was made with respect to a petition to confirm brought before this Court, and, given the express language chosen by the parties in relation to state court, none should be inferred.

The Pala Tribe also showed in its MPA that other provisions of the Gaming Compact confirm that the Tribe only waived its sovereign immunity in suits brought to enforce the Gaming Compact, including an action to confirm an arbitration award under the TLRO, if those suits are brought by the State of California. MPA, pp. 11-12. The Union responds to this argument by pointing to a number of "TLRO" arbitration decisions involving the Union and other Indian Tribes. The Union does not understand the Pala Tribe's argument. The Pala Tribe is not contending that it has no obligation to arbitrate disputes with the Union under the TLRO. What the Pala Tribe is contending is that it may not be **sued in court** for alleged violations of the Gaming Compact, including alleged violations of the TLRO, by anyone other than the State of California. Indeed, this must be so because the Gaming Compact is between two sovereigns, the State of California and the Pala Tribe, and proper respect for the sovereign status of each requires that only governmental entities be allowed to bring suit against another governmental entity. See *In re Indian Gaming Cases*, 331 F.3d 1094, 1098 (9th Cir. 2003).

E. **The Union Has Never Exhausted Its Remedies Before The Intertribal Court**

The TLRO requires that any action to confirm an arbitration award be filed in tribal court in the first instance. The Pala Tribe's submissions in support of its motion show that the Intertribal Court of Southern California will take jurisdiction over the Union's petition if the Union files the petition with that court, and that the Union was repeatedly advised that the Intertribal Court would do so. The Union has responded by claiming that it was "denied" access to the Intertribal Court and by generally impugning the integrity of that court. However, the fact remains that the Union has persistently refused to invoke the jurisdiction of the Intertribal Court. In these circumstances, this Court should dismiss the Union's petition to confirm pending a bona fide attempt by the Union to file its petition with the Intertribal Court. If the Intertribal Court does not act within

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85153796.1 055243.1007        8.        Case No. 07-CV-2312 W (AJB)

90 days of the Union's filing, then under the provisions of the TLRO a petition to confirm can be pursued in state court. However, the Union's petition does not now and never will belong in this Court because this Court lacks subject matter jurisdiction over the petition and the Pala Tribe has waived its sovereign immunity only with respect to a petition to confirm filed in state court.

### F. A Rule 56(f) Continuance Is Inappropriate

The Union requests that it be allowed to conduct discovery in response to the Pala Tribe's 12(b)(6) motion relating to exhaustion of proceedings before the Intertribal Court. There is no reason for the Court to consider this argument because the petition should be dismissed based on the Pala Tribe's 12(b)(1) motion for lack of subject matter jurisdiction, which motion is properly supported by evidence beyond the four corners of the petition itself. *Thornhill Publishing Co. v. General Tel. & Elect.*, 594 F.2d 730, 733 (9th Cir. 1979). Additionally, discovery related to the Intertribal Court is unnecessary. If the Union files its petition with the Intertribal Court and the Intertribal Court then dismisses the petition for lack of jurisdiction, or fails to otherwise resolve the petition in the 90 day period established by the TLRO, the petition can then be filed in state court. To grant the Union's request for a Rule 56(f) continuance will just further delay the process.

### III.
### CONCLUSION

The Union has failed to establish that this Court may properly exercise subject matter jurisdiction over the Union's petition to confirm arbitration award pursuant to 28 U.S.C. § 1331 because the Union's petition does not raise a substantial question of federal law. It is therefore respectfully requested that the Court grant the Pala Tribe's motion and dismiss for lack of subject matter jurisdiction.

Dated: May 12, 2008                     Respectfully submitted,

s/Theodore R. Scott
THEODORE R. SCOTT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Respondent
PALA BAND OF MISSION INDIANS
E-mail: tscott@littler.com

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

FIRMWIDE:85153796.1 055243.1007           9.           Case No. 07-CV-2312 W (AJB)

<u>UNITE HERE International Union v. Pala Band of Mission Indians</u>  Case No. 07-CV-2312 W (AJB)

## PROOF OF SERVICE BY MAIL

I am employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On May 12, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within documents:

RESPONDENT PALA BAND OF MISSION INDIANS' REPLY TO
PETITIONER'S OPPOSITION TO MOTION TO DISMISS
PETITION TO CONFIRM ARBITRATION AWARD

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Kristin L. Martin, Esq.<br>Davis, Cowell & Bowe, LLP<br>595 Market Street, Suite 1400<br>San Francisco, CA 94105 | <u>Attorneys for Petitioner</u><br>UNITE HERE INTERNATIONAL UNION<br>(415) 597-7200<br>[FAX] (415) 597-7201 |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 12, 2008, at San Diego, California.

_____
Rosa Dyer

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

FIRMWIDE:85183232.1 055243.1007

Case No. 07-CV-2312 W (AJB)